## JACOB M. TEWKSBURY v. WILLIAM O'CONNELL.

FORCIBLE ENTRIES AND UNLAWFUL DETAINERS—TREBLE DAMAGES.—If a complaint, in an action arising under the Act concerning forcible entries and unlawful detainers, contains proper averments of damages sustained, and plaintiff recovers, and damages are found, either by the Court or by the verdict of a jury, it is the duty of the Court to treble the damages, although treble damages are not asked for in the complaint.

SAME.—In such actions damages may be assessed both for waste and injury, and for the value of the rents and profits.

TENANT WHO HOLDS OVER.—The Act of May, 1861, "relating to the rights and duties of landlords and tenants," has no application to a case where a tenant who enters under a written lease for a time certain and pays rent, holds over after the expiration of his term.

APPEAL from the County Court, Contra Costa County.

May 1st, 1861, the plaintiff leased to A. L. Knox and S. S. Drake a tract of land, and house thereon. The lease was in writing, and executed by both parties, and the lessees were to have the premises for seventeen months, and pay therefor the sum of fifty dollars. Knox & Drake entered into possession of the premises under the lease, as tenants of plaintiff, and held the same until the first day of November, 1862, when they let the defendant into possession, and left. On the ninth day of November, 1862, plaintiff made demand, in writing, of defendant, that he deliver up to him possession of the premises, and upon his refusal to do so, on the sixth day of December, 1862, brought the present action against him as a tenant holding over after the expiration of his term.

The other facts are stated in the opinion of the Court.

*Wm. W. Crane, Jr.,* for Appellant.

Treble damages were not claimed in the complaint. The rule is, that when treble damages are given by a statute, the plaintiff must expressly claim such damages, and also count upon the statute. (*Chipman* v. *Emeric*, 5 Cal. 239.) This case has never been reversed. The subsequent cases of *O'Callaghan* v. *Booth*, 6 Cal. 63, and *Hart* v. *Moore*, 6 Cal. 161, only hold that in actions of forcible entry, the plaintiff need not in his complaint *refer to the statute*. The amendment to the twelfth section of the Forcible Entry Act requires that the treble damages shall be claimed in the complaint.

*M. S. Chase*, for Respondent.

The error assigned is, that *trebled* damages were not claimed in the complaint; and

1. Upon this point it may be remarked that the twelfth section, until the amendment thereof, made May 20, 1861, (Laws 1861, p. 582,) and now repealed (Laws 1863, p. 655) by Act of April 27, 1863, never provided for any " claim " (*eo nomine*) for damages, and that this amendment in nowise provides that the claim shall be for *treble* damages, but only that " damages shall be assessed if claimed in the complaint," * * * " and *when so assessed* shall be trebled by the Justice and entered as a judgment," etc. In other words, by the amendment the landlord was held only to claim and prove damages ; and then when assessed, it became the magistrate's duty, not by reason of the claim therefor, but in the enjoined exercise of *penal* authority to treble them.

" This section (twelfth) is added, not merely to indemnify the complainant for the injuries suffered from loss of rents and profits, and for waste committed, but to *punish* the offending party." (Mr. Chief Justice Field, in *Hicks* v. *Herring*, 17 Cal. 568.)

2. As to the rule contended for by appellant, that when treble damages are given by the statute the plaintiff must expressly claim such damages and count upon the statute, it is deemed sufficient to say that both the rule and the sole case

cited in its support, (*Chipman* v. *Emeric*, 5 Cal. 239,) have no application to the case at bar.

By the Court, CURREY, J.

This is an action arising under the Act concerning forcible entries and unlawful detainers as that Act stood in 1862 and 1863. The Court, before which the cause was tried without a jury, found that the premises were unlawfully held and detained from the plaintiff by the defendant, and that by reason thereof the plaintiff had sustained damage in the sum of one hundred and forty dollars; and in that sum the damages were assessed, and immediately thereupon trebled by the Court. Judgment was then entered for the restitution of the premises and for the damages as trebled.

The only point made by the appellant on the appeal is, that the Court erred in giving judgment for treble the damages assessed, because, he says, the damages were not claimed in the complaint.

The complaint, after setting forth the facts constituting the plaintiff's cause of action, concludes as follows : " Whereby the said plaintiff hath sustained damages by reason of the said unlawful and wrongful detention and holding over to the amount of one hundred dollars. Plaintiff further alleges that the monthly rents and profits of said premises, dwelling house, outhouses and improvements is reasonably worth twelve dollars a month," and then follows the appropriate prayer for judgment.

The twelfth section of the Act referred to provides that " the damages shall be assessed, if claimed in the complaint as well for waste and injury committed upon the premises as for the rents and profits during the detainer, and the verdict shall also find the monthly value of the rents and profits of the premises; and the complainant shall be entitled to recover treble damages against the person against whom the judgment has been rendered; which damages shall be assessed by the Justice or jury, and when assessed shall be trebled by

said Justice, and entered as a judgment in the cause, upon which execution may issue."

It will be observed the statute provides that the damages shall be assessed, if claimed in the complaint, as well for waste and injury committed as for the rents and profits during the detainer. The damages are not necessarily confined to compensation for waste and injury only, as these terms are understood in their proper technical sense, but the value of the rents and profits may enter into the estimate of damages, as the language of the statute clearly imports. If no waste or other injury be committed, the loss of the use and occupation of the premises may be the only damage sustained by the complainant, and that value when ascertained is the proper measure of damages in such case. These damages are to be ascertained, or in other words, assessed, by the jury or by the Court acting without a jury, according to the truth of the case; and when this is done, it is made the duty of the Court to treble them.

The statute does not contemplate by the words, " the damages shall be assessed, if claimed in the complaint," that the complaint shall contain a claim for treble damages, but rather a claim for the damages which a jury is competent to assess. The office of trebling the damages belongs to the Court.

The " Act relating to the rights and duties of landlords and tenants," passed in 1861, (Laws 1861, p. 514,) we are of opinion has no application to this case.

The complaint contained the necessary claim for damages, and the amount thereof having been assessed, the Court was bound to treble the sum so ascertained.

Judgment affirmed.