GABE BOARD, Respondent, v. ST. LOUIS, IRON MOUN-
TAIN AND SOUTHERN RAILWAY, Appellant.

### St. Louis Court of Appeals, April 29, 1889.

1. **Damages: STOCK KILLED ON RAILWAY: STATEMENT.** A statement
filed before a justice of the peace under Revised Statutes, section
809, is not defective or insufficient because it fails to allege that
the plaintiff is the owner of land adjoining the railway, from
which the ox strayed upon the track by reason of the defendant's
failure to fence as required by law. It is only where the animal
strays upon the track from an enclosed field, that the allegation of
ownership must appear, and there is here nothing inconsistent
with the conclusion that the railway passed through unenclosed
lands.

2. **Damages: KILLING STOCK ON RAILWAY: UNENCLOSED LANDS.**
The law of this state allows cattle to run upon unenclosed lands,
without regard to the ownership of such lands. And all the
decisions which restrict the right of recovery to cases where the
animal got upon the track from land owned by the plaintiff, are
confined to those in which the lands adjoining the railway were
enclosed.

*Appeal from the Butler Circuit Court.*—HON. JOHN G.
WEAR, Judge.

AFFIRMED.

*George H. Benton,* for the appellant.

The petition fails to state facts sufficient to consti-
tute a cause of action, because it fails to state that the
plaintiff is the owner of land adjoining the railroad
from which the ox strayed upon the railroad by reason
of the failure to erect and maintain suitable fences, as
required by section 809 of the Revised Statutes. This
objection is never waived and may be made in the

appellate court for the first time.   R. S. 1879, sec. 3519 ; *Ferris v. Railroad*, 30 Mo. App. 122.   The court erred in refusing to sustain plaintiff's motion for a new trial : Because the verdict is not sustained by the evidence. Because the judgment for double damages is not authorized by the law or sustained by the verdict and evidence. *Ferris v. Railroad*, 30 Mo. App. 122 ; *Berry v. Railroad*, 65 Mo. 172 ; *Harrington v. Railroad*, 71 Mo. 384; *Peddicord v. Railroad*, 85 Mo. 160 ; *Johnson v. Railroad*, 80 Mo. 620 ; *Busby v. Railroad*, 81 Mo. 49 ; *Stanley v. Railroad*, 84 Mo. 631 ; *Carpenter v. Railroad*, 25 Mo. App. 110 ; *Smith v. Railroad*, 25 Mo. App. 115.

*Isaac Davidson*, for the respondent.

That this petition is good and sufficient ; especially so after verdict.   *Jackson v. Railroad*, 80 Mo. 147 ; *Iba v. Railroad*, 45 Mo. 469, and cas. cit. ; *Busby v. Railroad*, 81 Mo. 43.   The proprietary question now invoked for the first time by the defendant in this case does not apply.   The ox was not killed in an inclosure. Neither farm nor railroad fence was there.   In this state cattle have a right to run at large, and it is the duty of the railroad company to fence them out. *German v. Railroad*, 26 Mo. 44 ; *Stanley v. Railroad*, 84 Mo. 625-632 ; *Davis v. Railroad*, 18 Mo. App. 425-432 ; *Boyle v. Railroad*, 21 Mo. App. 416, and cases cited.

THOMPSON, J., delivered the opinion of the court.

This was an action commenced before a justice of the peace under section 809, Revised Statutes, to recover double damages for killing an ox belonging to the plaintiff.   The statement is drawn in the usual form.   On trial anew in the circuit court the plaintiff had a verdict in the sum of sixty dollars ; whereupon

the court, doubling the verdict in pursuance of the statute, rendered judgment in favor of the plaintiff for the sum of one hundred and twenty dollars. The defendant appealing, assigns the following errors :

(1) That the petition fails to state facts sufficient to constitute a cause of action; because it fails to state that the plaintiff is the owner of land adjoining the railway from which the ox strayed upon the railway by reason of the failure to erect and maintain suitable fences as required by the statute. This position is not well taken. No decision has ever been rendered holding that the petition in such a case must contain such an allegation. It is only where the animal strays upon the railroad from an enclosed field that the rule applies that the statute is made for the benefit of adjoining land owners. Here the evidence is consistent with the conclusion that the animal was killed at a point where the defendant's railroad passed through unenclosed lands.

(2) The next assignment of error is answered by the same observation. It is, that the verdict is not sustained by the evidence, and that double damages under the facts in evidence were not authorized by law. This contention is based on the ruling of this court in *Ferris v. Railroad*, 30 Mo. App. 122. We repeat that that case and the decisions upon which it was based have no application to cases where the railway runs through unenclosed lands, prairie or timber. The law of this state allows cattle to run upon such lands, without reference to the ownership of the lands. *Gorman v. Railroad*, 26 Mo. 441. Originally the statute confined the obligation of the railroad company to fence, where the road ran through unenclosed lands, to places were it ran through unenclosed *prairie* lands, excluding by implication *timber* lands. *Tiarks v. Railroad*, 58 Mo. 45. But the word "prairie" has been eliminated from the statute since 1875. Double damages have

frequently been given under the statute in case of animals killed upon roads not fenced at places where they ran through unenclosed lands, without reference to the ownership of the lands. Prior to the change in the statute excluding the word "prairie," all the decisions of our supreme court which I have examined concede that double damages might be recovered in the case of animals killed upon an unfenced railroad at a point where it passed through unenclosed prairie lands. See the language of the court in *Snider v. Railroad*, 73 Mo. 469; *Razor v. Railroad*, 73 Mo. 471; *Patton v. Railroad*, 14 Mo. App. 589; *Hamilton v. Railroad*, 87 Mo. 85. In *Duncan v. Railroad*, 91 Mo. 67, double damages were given in such a case and the judgment was affirmed, the court saying: "Although the mare strayed away from plaintiff's premises and got upon these commons, and thence through the gate on the road, still these facts constitute no defense whatever."

The judgment will be affirmed. All the judges concur.