JOHN A. TAYLOR AND OTHERS, RESPONDENTS, *v.* MARCUS B. BUFORD AND OTHERS, APPELLANTS.

[See *United States* v. *Buford, Infra.*]

TRESPASS.—UNLAWFUL POSSESSION.—DESTRAINING CATTLE.—*Semble* if one is in possession of land which he holds in violation of a statute, which makes his possession a public offense, he can claim no damages under the estray law for trespassing animals.

PUBLIC LANDS.—UNLAWFUL FENCING.—DISTRESS.—Where the owner of land has fenced in with his own land tracts of government land in violation of the act of Congress of February 25, 1885, prohibiting the fencing of government land or preventing or obstructing free passage over or through the same, he cannot impound cattle which have been turned inside of his inclosure by the owners.

8

ID.—ID.—FENCE ON OWNER'S LAND.—*Semble* if the fences of appellants had been wholly upon their own land, even though tracts of public land had been thereby inclosed, the decision would have been different.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Evans and Rogers,* for the appellants.

*Messrs. Miller and Maginnis,* for the respondents.

BLACKBURN, J.:

This is an action for the recovery of personal property horses and cattle. The defendants set up the defense that said animals were trespassing on their premises, and they impounded them, as they lawfully might, until the damages and expenses were paid. Verdict and judgment for plaintiffs. Motion for new trial. Motion overruled and appeal from the judgment and order overruling motion for new trial. The evidence, so far as it·is necessary to a decision of this case, is substantially as follows: The defendants owned a large amount of land situated in various places in a township. The rest of the land was public land of the United States. They inclosed their own land, together with a large amount of the public lands. · On one tract of their land was a series of springs furnishing the only water for stock for many miles around. These springs were on the inside of the inclosure of defendants. In order· to get water for their horses and cattle, and pasture for them, the plaintiffs turned them inside the inclosure of defendants. The defendants impounded them, under the laws of this Territory, as trespassing animals (Laws 1890, p. 82), and plaintiffs brought this suit.

Many errors are assigned for reversal by appellants, but

all are abandoned but two, and they are on the instruc-
tions of the court.   One of the instructions complained of
is as follows:   "While he [the defendant] would have a
perfect right to fence his own land, over which and upon
which no other person had a right to go, if he owned the
land in fee, and had full control of it, he would have a
right to fence it; but he would not, under the law, have
the right to fence in United States land or government
land, unless he had permission to do so.   If you find, in
fact, that defendants did fence government land with sec-
tions of their own land that they owned, and fenced this
government land in such a way with their own as to pre-
vent the public or any person who is pasturing cattle in
that neighborhood from going upon government land,
then I instruct you the defendants would have no right
to detain the cattle by fencing their own land with gov-
ernment land in that way.   If you find from the evidence
the defendants took these cattle and horses while on sec-
tion twenty-nine, and you further find that said section is
occupied by or belongs to defendants, and the fence which
surrounds section twenty-nine also surrounds and incloses
other lands, part of which are government lands, you
must find for the plaintiffs, and said seizure and detention
were illegal and unlawful."   The contention of the
defendants is that this instruction is erroneous.   If it is
the law, the judgment should be affirmed; if it is not the
law, it ought to be reversed; for it is not denied, but it
is admitted, that the inclosure of defendants incloses a
large amount of the public lands of the United States.
The rights of defendants to distrain the animals of plaint-
iffs while these animals were trespassing upon their
inclosed lands is settled by Sess. Laws Utah, 1890, p. 82.
Therefore, if the inclosure was unlawful, the defendants
could have no right to impound plaintiff's cattle upon it.
If it was wrong to inclose this land in the way they did,
they could have no right based upon that wrong to inter-

fere with the property of others. The fencing of the public land is unlawful, whether included with lands of private parties or corporations; and the same act that declares the fencing of public lands unlawful, and section 3 of the same act, Feb. 25, 1885, provides, among other things: "Nor shall any person prevent or obstruct free passage over or through the public lands." 1 Comp. Laws, 239, 240. The policy of the government has been from the first to hold the unappropriated public lands as a great free common, for all the settlers of the country where they lie, and for the exclusive use of no one. The whole drift of the opinion by MILLER, J., in the case of *Buford* v. *Houtz*, 133 U. S. 320, 10 Sup. Ct. Rep. 305, is that unappropriated lands of the United States are kept by the government for the benefit of the people who may wish to use them for pasturage, and no one has the right to the exclusive use of them. The evidence in this case does not show that the fence was entirely on the lands of defendants, but only a part of the lands inclosed were the defendants', and a part public lands. We think, therefore, in view of the statutes of the United States and the case of *Buford* v. *Houtz,* the giving of the instruction complained of is not erroneous. If it is good law it makes the affirmance of this case · necessary, and makes it unnecessary to pass upon the other errors assigned. The judgment is affirmed.

ZANE, C. J., and ANDERSON, J., concurred.