[No. 14579.   Department One. — March 29, 1892.]

## ELIZABETH RIMMER, Appellant, *v.* A. A. BLASINGAME et al., Respondents.

Forcible Detainer — Pleading — Demand for and Refusal to Surrender Possession. — In an action of forcible detainer, a complaint verified on the 3d of September, 1890, and filed on the 6th of the same month, which avers a demand for the surrender of possession made on the 4th of the preceding March, and a continuous refusal since then to comply with the demand, sufficiently alleges a refusal to surrender possession within five days after demand to sustain a judgment for the plaintiff for the restitution of the premises, for trebled damages, and for costs.

Id. — Judgment — Trebled Damages. — In an action of forcible detainer, the plaintiff, upon recovering a verdict which assesses the damages caused by the forcible detainer, is entitled to have judgment rendered against the defendant guilty of the forcible detainer for three times the amount of the damages thus assessed.

Appeal from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion.

*O. L. Abbott,* for Appellant.

The judgment should have been for three times the verdict. (Code Civ. Proc., sec. 1174; *Tewksbury* v. *O'Connel,* 25 Cal. 265.)

*E. D. Edwards,* and *John E. F. Edwards,* for Respondents.

Temple, C. — This is an action of forcible detainer. After stating her possession of the demanded premises, plaintiff avers "that on or about the tenth day of January, A. D. 1890, during the temporary absence of plaintiff from said land, the defendants above named, without the consent and against the will of plaintiff, entered upon the said real property, the above-described parcel or tract of land, and took possession and occupancy thereof, and have ever since retained and had, and they still retain and have, possession and occupancy of all of said tracts or parcels of land; that on the fourth day of

March, A. D. 1890, of the said defendants, the plaintiff made demand for the surrender forthwith to her of the said tracts or parcels of land, and of the possession and occupancy thereof; but upon the said demand so as aforesaid by plaintiff made for such surrender, the said defendants refused, and they have ever since said demand refused, and they still refuse, to surrender the same to plaintiff, the former occupant thereof."

She also alleges that the defendants herded on the land large bands of sheep, and that she was damaged in the sum of two thousand dollars.

She asks judgment for restitution, for damages, and that the damages be trebled.

The defendants answered, denying the alleged possession of plaintiff, but admitting their entry upon the land, and that they retained possession for about three months up to about March 10, 1890, and no longer. They admit herding sheep upon the land, but deny the damage.

The case was tried by a jury, which found a verdict as follows: "We, the jury, find for the plaintiff in the sum of $162.75."

Upon this verdict, judgment was entered for plaintiff for $162.75, the amount of the verdict.

From this judgment the plaintiff appeals, without a bill of exceptions, and makes the point that the judgment should have been for three times the amount of the verdict, for restitution of the premises, and for costs.

The respondents claim that the complaint is insufficient to constitute an action for forcible detainer, because it is not expressly averred that defendants refused to surrender possession within five days after demand. A demand made March 4th is alleged, and that defendants refused, and have ever since said demand refused, and still refuse, to surrender, etc. The complaint was verified September 3, 1890, and filed September 6th of that year. It is alleged, therefore, that defendants continued to refuse to surrender possession up to September 3d. This is a sufficient allegation.

We do not concede that an action commenced under the provisions of the code in reference to forcible or unlawful entry or detainer can be converted into an action for trespass; but if so, we hold this complaint sufficient for unlawful entry and forcible detainer.

The answer admits the entry, and that for a time the defendants held possession. It was something more, therefore, than a mere trespass. The only real issues were, whether plaintiff had the actual possession at the time of the entry, and as to the amount of damages. The verdict is a finding of these issues in favor of the plaintiff. She was plainly entitled to a judgment for three times the amount of the verdict, for restitution of the premises, and for costs.

The judgment should be so modified, and we so advise.

Vanclief, C., and Belcher, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the cause is remanded, with directions to modify the judgment in accordance with the views expressed, the plaintiff's cost to include the costs of this appeal.