MARCH TERM, 1896.                    573

Fraysher v. Miss. R. & B. T. R'y Co.

D. J. FRAYSHER, Respondent, v. MISSISSIPPI RIVER & BONNE TERRE RAILWAY COMPANY, Appellant.

66  573
80  488

66  573
99  ²340

St. Louis Court of Appeals, May 12, 1896.

1. **Railroads**: LIABILITY FOR DOUBLE DAMAGES FOR KILLING OF STOCK. The liability of a railway company for double damages for the killing of stock by one of its trains is established, *prima facie*, by proof that the stock was killed at a place where the railway tracks passed through woods and that the right of way was not fenced at that place.

2. ———: ———. To establish such liability it is essential that the failure to fence should occur at the place where the stock came upon the railroad; but, in the absence of evidence to the contrary, it will be presumed that the stock came upon the railroad at the place where it was killed.

3. ———: ———: SUFFICIENCY OF STATEMENT OF CAUSE OF ACTION. The statement of the cause of action for such damages is sufficient, when it alleges that the stock came upon the railroad where it was unfenced, and where the law required it to be fenced; that the place of entry was not a public crossing, nor within an incorporated city, town or village; and that the defendant's failure to fence caused the stock to get upon the railroad, where it was killed by a collision with a locomotive belonging to the defendant.

4. ———: ———: INSTRUCTION. An instruction in such an action is erroneous, if it submits to the jury the question whether the place where the stock entered upon the railroad was one where the defendant was by the laws of this state bound to fence, that question being one of law.

*Appeal from the St. Francois Circuit Court.*—HON. F. M. CARTER, Special Judge.

AFFIRMED.

*Wm. Carter & Weber* for appellant.

*J. A. Abernathy* for respondent.

BOND, J.—The petition in this case, omitting the formal parts, is as follows: "That on or about the

fifth day of August, 1894, plaintiff was the owner and possessor of a certain cow, to wit: A red muley cow seven years old, branded on the left hip with a horseshoe, of the value of $35; that said cow casually and without the fault or procurement of plaintiff strayed in and upon the track and grounds occupied by the said railroad of defendant at a point where said road passes through defendant's uninclosed lands at and in the township of Perry, in St. Francois county, state of Missouri, at a point where said defendant was by law required to erect and maintain good and lawful fences along the sides of its said road, not at a public crossing nor within an incorporated city, town or village. The said cow strayed and went in and upon said railroad track and grounds by reason of the failure and neglect of defendant to erect and maintain good and lawful fences on the sides of its road where said cow got upon the same as aforesaid. The defendant by its agents, servants, and employees, not regarding their duty in that respect, so ran and managed its said locomotive and cars as to run the same over and against said cow, and kill and destroy it, in said township of Perry on said fifth day of August, 1894, to plaintiff's damage, $35. Wherefore plaintiff prays judgment for $70, being double the damages sustained by him as aforesaid, with costs and a reasonable compensation for an attorney fee, to wit, $25."

The plaintiff recovered judgment before the justice and again on appeal in the circuit court, from which the present appeal is taken by defendant.

The testimony adduced by plaintiff tended to prove the allegations contained in his petition. On the point as to the locality of the accident, the entire evidence shows that the cow was struck by defendant's train, while it was passing through a cut which was situated in the woods and where there were no fences on either

side of defendant's right of way. The cut in question was deep enough to admit a bridge across the track over which a county road was traveled, and under which the trains passed. Both ends of the cut were entirely exposed. It was distant about a mile and a half from the town of Bonne Terre. On approaching the place of the accident, cows were observed on the track in the cut, some of which escaped after the train whistled. Plaintiff's cow was struck by the engine, and was then shot and removed from the track before the train left. The defendant only introduced one witness, who testified solely as to the value of the cow, giving his opinion that she was worth $25.

From the testimony in this record it is evident that the circuit court committed no error in overruling defendant's demurrer to the evidence. *Cox v. Railroad*, 128 Mo. 362; *Wood v. Railroad*, 43 Mo App. 294.

Neither is the petition insufficient to support a verdict under the most stringent rules. It alleges that the cow came upon the track where it was unfenced and the law required it to be fenced; that the place of her entry "was not a public crossing nor within an incorporated city, town or village" and that the defendant's failure to fence *caused* the cow to get on its track, where she was killed by a collision with the locomotive. These allegations by necessary intendment state a good cause of action. *Manz v. Railroad*, 87 Mo. 278.

Complaint is made of two instructions given for plaintiff. These instructions are erroneous, because they make the defendant liable if the animal was *killed* at a place where the railroad was not fenced. The place where the animal came upon the track, and not the place where it was killed, is the one which must be unfenced to make the defendant liable. In the case at bar there was not a particle of evidence tending to show

that the animal came upon the track at a place where the road was fenced, or where it was not the duty of the company to fence. On the contrary the uncontradicted evidence disclosed that the place of the accident was a part of the railroad running through woods which were wholly uninclosed, and where there was no fencing on either side of the right of way. Hence, the error in the instructions could not possibly have prejudiced the defendant. *Kinion v. Railroad*, 39 Mo. App. 574; *Jantzen v. Railroad*, 83 Mo. 171.

Defendant assigns as error the refusal of two instructions requested by it. It is not necessary to set out these instructions. The first is erroneous in submitting to the jury a question of law as to whether or not the place where the cow entered upon defendant's track was one "where defendant was by the laws of this state bound to fence." This, of itself, justified the court in refusing this instruction. The second instruction was wholly unsupported by the evidence, and, therefore, rightfully refused.

The remaining assignment of error relates to the testimony of plaintiff as to the description given him by the section foreman of the cow which had been killed and buried. Plaintiff and the section foreman and others exhumed the animal, and thoroughly identified her. In fact the question of ownership was practically conceded. So also was the fact of the killing of the cow. Hence, the declaration of the section foreman, if hearsay, was harmless. Finding no reversible error in the judgment, it will be affirmed. All concur.