## JOHN H. ECCLES, APPELLANT, *v.* UNION PACIFIC COAL CO., RESPONDENT.

### FORCIBLE ENTRY AND UNLAWFUL DETAINER—DAMAGES.

1. Appellant obtained judgment against the respondent, a corporation, for possession, and for damages resulting from an unlawful and forcible entry and detainer of lands

he had obtained from the United States under the home-
stead laws; and the respondent still continued the unlaw-
ful and forcible detention of the premises after demand,
and for about two years after judgment. In an action
brought by the appellant, under sections 3787 ˙and 3801
Comp. Laws of 1888, to recover. damages for forcible and
unlawful detention of the lands, subsequent to the judg-
ment, and for treble damages, as provided for by statute,
the jury found damages for appellant in the sum of $800·
The court, on motion, declined to treble the damages.
*Held* error, and that the court should have trebled˙ the
damages.

2. *Held*, also, that the action was properly brought, under sec-
tion 3787, Comp. Laws 1888.

BARTCH, J., dissenting.

(No. 679.  Decided March 17, 1897.)

Appeal from the Seventh judicial district court, Carbon
county.  Hon. W. M. McCarty, *Judge.*

Action by John H. Eccles against the Union Pacific
Coal Company and others to recover damages for forcible
and unlawful detainer.  There was a verdict for plaintiff,
the amount of which the court declined to treble; and,
from a judgment entered thereon, plaintiff appeals.
*Modified.*

*Stephens & Smith,* for appellant.

*Williams, Van Cott & Sutherland,* for respondent.

MINER, J.:

Plaintiff, on the 17th day of August, 1891, made settle-
ment under the homestead laws of the United States upon
a part of the unoccupied domain in question in this case,
duly obtained his certificate of entry from the receiver

of the United States land office, and otherwise complied with the laws of the United States with reference thereto, and has been in possession of the same ever since, except 35 acres thereof, which the defendant, a corporation, has unlawfully, forcibly, and by threats, prevented the plaintiff from occupying; that on the 16th day of October, 1894, plaintiff recovered judgment against the defendant for the possession of said land, and for damages for the unlawful and forcible detention and forcible and unlawful entry thereof up to September 5, 1893; that said judgment remains in full force, and was not appealed from, but was satisfied by the payment of damages and costs; that demand has been made for the possession of said premises, and possession refused; that on February 1, 1896, peaceable possession of said land was delivered to the plaintiff. This action was brought under subdivision 1 of section 3787, and section 3801, Comp. Laws Utah 1888, to recover damages for the forcible and unlawful detention of said land, and for the rents, profits, and issues of the same, from the 5th day of September, 1893, to the 1st day of February, 1896. Plaintiff alleged and proved that said premises were forcibly detained by the defendant. In his complaint, the plaintiff asked for treble damages. On the trial, the jury rendered judgment in favor of the plaintiff, and against the defendant, for the unlawful and forcible detention of the premises, and assessed his damages therefor at the sum of $800. Thereupon counsel for plaintiff moved the court to treble the damages as found by the jury, and that judgment be entered in favor of the plaintiff in the sum of $2,400 and costs. The court overruled the motion, and declined to enter judgment for treble the amount of damages found, but entered judgment for the sum of $800, as found by the jury, to which plaintiff excepted. This refusal is

the only error assigned in the record. The respondent did not appeal from either judgment, but is here asking an affirmance of the judgment, without trebling the amount of damages.

Subdivision 1, § 3787, Comp. Laws Utah 1888, reads as follows: "Every person is guilty of a forcible detainer who either: (1) by force, or by menaces and threats of violence, unlawfully holds and keeps the possession of any real property, whether the same was acquired peaceably or otherwise." Section 3801, Comp. Laws Utah 1888, as amended by Sess. Laws 1892, p. 45, reads as follows: "If, upon the trial, the verdict of the jury, or if the case be tried without a jury, the finding of the court be in favor of the plaintiff and against the defendant, judgment shall be entered for the restitution of the premises, and if the proceedings be for unlawful detainer after neglect or failure to perform the conditions or covenants of the lease or agreement under which the property is held, or after default in the payment of rent, the judgment shall also declare the forfeiture of such lease or agreement. The jury or the court, if the proceeding be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, and any amount found due the plaintiff by reason of the waste of the premises by the defendant during the tenancy, alleged in the complaint, and proved on the trial, and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of the rent; and the judgment shall be rendered against the defendant guilty of the forcible entry, or forcible unlawful detainer, for three times the amount of the damages thus assessed, and of the rent found due."

Under the act of congress of February 25, 1885 (St. U. S. 1884-85, p. 321, found in 1 Comp. Laws Utah 1888, p. 239),

15 UTAH—2

an inclosure of public land of the United States by any corporation, etc., is declared unlawful, and the inclosure of the same, without right, is forbidden and prohibited. This court held, in *Taylor* v. *Buford*, 8 Utah 113, that "one in possession of land which he holds in violation of the statutes can claim no damages under the estray law for trespassing animals," etc. In *U. S.* v. *Buford*, 8 Utah 173, this court held, when appellants had erected a fence entirely upon their own lands, which fence inclosed a portion of the public lands of the United States, that they had committed the offense of unlawfully inclosing public lands. *Buford* v. *Houtz*, 133 U. S. 320.

In *Whittaker* v. *Pendola*, (Cal.) 20 Pac. 680, the court said: "The defendant, not having shown any capacity in himself to acquire the government title to the demanded premises, nor any effort or intention to do so, stands in the position of a mere naked trespasser upon the public domain, with an inclosure erected and maintained contrary to the express provisions of the act of congress of February 24, 1885." "Plaintiff had a right to make his homestead entry on the whole tract, notwithstanding the possession of the defendant of the greater portion of it." The record shows that the jury found the issues in favor of the plaintiff, and against the defendant, and assessed the plaintiff's damages in the sum of $800, for the unlawful and forcible detention of the land described in the complaint. The defendant does not seek to set aside this judgment, but asks that the same be affirmed, but not trebled. Section 3799, Comp. Laws Utah 1888, provides that, "on the trial of any proceeding for any forcible entry or forcible detainer, the plaintiff shall only be required to show, in addition to the forcible entry or forcible detainer complained of, that he was peaceably in the actual possession at the time of the forcible entry, or was

entitled to the possession at the time of the forcible detainer."

The judgments rendered are conclusive that the appellant was entitled to the possession of the premises at the time of the alleged .forcible detainer; that such detainer was forcible; that the damages assessed were for the unlawful detainer alleged in the complaint. So that the only further question for us to consider is whether the damages found by the jury should have been trebled by the court. Chapter 4 of the Code of Civil Procedure, which contains the forcible entry and detainer provision of the statutes, embraces, as is shown by its title, a summary proceeding for obtaining possession of real property in certain cases therein specified; and section 3801, Comp. Laws Utah 1888, above quoted, summarizes the remedy and judgment to be given under the several provisions of the statute. Under this section, if possession is asked for, and the proof justifies it, judgment of restitution is to be awarded. If the proceedings are for unlawful detainer, after neglect or failure to perform the conditions of the lease, or after default in payment of rent, judgment is to be awarded which shall declare a forfeiture of the lease. If damage for forcible entry or detainer and rent are declared for, the amount of the rent must be specified. If judgment is rendered against a defendant guilty of forcible entry or forcible and unlawful detainer, judgment for three times the amount of the damages assessed therefor, and for the rent found due, if any, should be entered. No rent is specified or found due in the verdict as rendered by the jury. In *Conroy* v. *Duane*, 45 Cal. 606, it is held: "If the detainer was unlawful and forcible, the defendant is liable for forcible detainer, whether he originally obtained the possession peaceably or otherwise. It is immaterial whether

the entry was peaceable or violent, provided it was unlawful and the detainer was forcible." In *Tewksbury* v. *O'Connell*, 25 Cal. 265, the court said: "The damages are not necessarily confined to compensation for waste and injury only, as these terms are understood in their proper technical sense, but the value of the rents and profits may enter into the estimate of damages, as the language of the statute clearly imports. If no waste or other injury be committed, the loss of the use and occupation of the premises may be the only damage sustained by the complainant, and that value, when ascertained, is the proper measure of damages in such case. These damages are to be ascertained, or, in other words, assessed, by the jury, or by the court acting without a jury, according to the truth of the case; and, when this is done, it is made the duty of the court to treble them."

The record shows that all the issues contained in the pleadings were found by the jury in favor of the plaintiff, and against the defendant, for the unlawful and wrongful detainer of the premises in question. As the case is presented, we are of the opinion that the court below should have trebled the damages found by the jury, and rendered judgment accordingly. *Hitchcock* v. *Pratt*, 51 Mich. 263; *Conroy* v. *Duane*, 45 Cal. 606; *Whittaker* v. *Pendola*, 20 Pac. 680; *Kitts* v. *Austin* (Cal.) 23 Pac. 290; *Railway Co.* v. *Strand*, (Wash.) Id. 928; *Wilson* v. *Shackelford*, 41 Cal. 630; *Rimmer* v. *Blasingame*, 94 Cal. 139; *Tewksbury* v. *O'Connell*, 25 Cal. 262; *Light Co.* v. *Morgan*, 13 Mont. 394.

Section 3467, Comp. Laws Utah 1888, under which the respondent claims the damages should have been assessed, is found in chapter 2, tit. 10, of the Code of Civil Procedure, under the title of actions for a nuisance, waste, and willful trespass on real property. This section has reference to damages arising in actions for nuisances,

waste, and willful trespass in certain cases to real property covered and particularly provided for by the preceding sections in the same chapter, and not to cases of this character. Title 10 has reference to actions in particular cases specified. Section 3801 appears to be a later enactment, and was amended in 1892 (Laws 1892, p. 45), by striking out the latter part of the section not quoted above, and by adding thereto the clause with reference to waste. This action was properly brought under section 3787, which deals with the subject of forcible entry and detainer; and we see no valid reason why the damages found for forcible detainer should not be trebled by the court, as provided by the act. Under the authorities, there seems to be no escape from this result. The plaintiff is entitled to have the damages for forcible and unlawful detainer trebled by the court, with costs. For the reasons given, the case is remanded, with directions to the court below to modify the judgment by trebling the damages found by the jury, in accordance with the views herein expressed.

ZANE, C. J., concurs.

BARTCH, J.:

I dissent, because, in my judgment, no case is here presented in which treble damages ought to be allowed. To reverse the action of the lower court, and treble the damages, under the pleadings and record of this case, requires a more liberal construction of the statutes than appears to be warranted by the authorities.