FRANK SEIDEL, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, November 7, 1904.

1. **RAILROAD: Killing Stock: Adjoining Proprietor: Presumption.** In an action for injury to stock escaping on a railroad right-of-way through a defective fence, the presumption is that the fence is lawful and the plaintiff must overcome it by evidence; so the presumption is that the stock was rightfully on the adjoining premises and should be overcome by evidence.

2. ———: ———: ———: **Statement.** A statement set out in the opinion is held sufficient.

3. **TRIAL PRACTICE: Instruction: Verdict: Harmless Error.** Giving a form of verdict to a jury without explaining when they are to use it, is misleading and usually prejudicial; but, where the evidence was all one way and there could be but one verdict, it is harmless.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*J. G. Trimble* and *Wilson & Clapp* for appellant.

(1) Sec. 1105, Revised Statutes 1899, is a penal statute, and every fact necessary to be proven to bring the case within terms of the statute must be alleged. Manz v. Railroad, 87 Mo. 278; R. S. 1899, secs. 3294-5. (2) In the absence of an allegation to the contrary the law presumes that the fences inclosing a field are lawful fences, as it is presumed that everyone performs his engagements and duties. McCallister v. Ross, 155 Mo. 87. (3). Where the field is inclosed, the statement must allege either that plaintiff was the owner of the field, or state facts showing that the animal was lawfully in the inclosure. Ferris v. Railroad, 30 Mo. App. 122; Board v. Railroad, 36 Mo. App. 151; Harrington v. Railroad, 71 Mo. 384; Rinehart v. Railroad, 80 S. W. 910. (4) It was reversible error to give plaintiff's second instruction. Where plaintiff, as in this case, must produce parol evidence to support his action, the court has no right to give a peremptory instruction to the jury to find for him. Wolff v. Campbell, 110 Mo. 114; Huston v. Tyler, 140 Mo. 252; Gordon v. Burrus, 141 Mo. 602; Ford v. Dyer, 148 Mo. 528; Dalton v. Poplar Bluff, 173 Mo. 37; Vincent v. Means, 82 S. W. 96.

*J. P. Painter* for respondent.

(1) Appellant's statements, its reasoning and its citations on the first and second assignments of error are clearly held for naught by the following opinions in which the court holds that ''a trespasser,'' such as is argued by appellant, ''is a thing to be proved and not presumed,'' and there is not a syllable of evidence to indicate that the animal in question was a trespasser, but, on the other hand, the evidence shows conclusively that it was lawfully in the field of respondent and es-

caped upon the right-of-way over or through appellant's unlawful fence and at a point where appellant was required by law to maintain good and lawful fences. Jantzen v. Railroad, 83 Mo. 171; Fraysher v. Railroad, 66 Mo. App. 573; Duke v. Railroad, 39 Mo. App. 105.

BROADDUS, J.—This is a suit under section 1105, Revised Statutes 1899. The proceeding was instituted before a justice of the peace. As one of defendant's contentions is that the complaint does not state a cause of action, it is inserted in this opinion as follows:

"Statement: Plaintiff states that on the twenty-ninth day of April, 1903, the defendant was, and now is, a corporation running and operating a railroad through Duncan township, in Sullivan county, Missouri, an adjoining township of aforesaid Bowman township; that on said day plaintiff was the owner of a certain steer calf, to-wit: a red calf with white face, of the age of two months of the value of $20; that said calf on said day strayed in and upon the track and grounds occupied by the said railroad of defendant, *at a point where said road passes through inclosed fields,* at and in the township of Duncan, in Sullivan county, Missouri, and at a point where said defendant was by law required to erect and maintain good and lawful fences and not at a public crossing, nor within an incorporated city, town or village. That said calf strayed and went in and upon said railroad track and grounds by reason of the failure and neglect of defendant to erect and maintain good and lawful fences on the sides of its said road where said calf entered upon the same as aforesaid. That defendant, by its agents and servants, ran its engines and cars upon and against said calf, at said point in Duncan township, on the twenty-ninth day of April, 1903, thereby killing said calf, to plaintiff's damage in the sum of twenty dollars;

wherefore, plaintiff prays judgment for forty dollars, being double the damages sustained, as provided in section 1105, vol. 1, Revised Statutes 1899, together with costs.''

The evidence was to the effect that plaintiff's calf got upon defendant's track at a point where it was not inclosed by a lawful fence and was killed by one of defendant's passing trains. There was no evidence that at the place the calf got upon the track the railroad passed through an inclosed field. But as both sides in their argument concede that it did, we may assume such to be the fact. Nor is there any evidence that the field in question was owned or occupied by plaintiff. The only evidence on this point was that plaintiff resided on a farm in Duncan township, Sullivan county, and that said township adjoined that where the suit was instituted. It fails to locate him in any particular place or to prove that he owned or occupied the inclosed field in question.

At the close of plaintiff's case, the defendant asked the court to instruct the jury to return a verdict in its behalf, which the court refused to do.

The argument of defendant is, that as plaintiff did not show that his calf was lawfully in the said field, the presumption of law is that it was a trespasser, as the further presumption also exists that the fence inclosing the field was a lawful fence. As to the latter presumption, it was held in Harrington v. Railroad, 71 Mo. 384, that it was incumbent upon the plaintiff to prove that the fence inclosing the field adjoining the railroad was not a lawful fence. So it was held in Rhinehart v. Railroad, 80 S. W. 910, Farmers Bank v. Railroad, decided at this term. This seems to be settled law.

We do not think that because the animal of plaintiff was in the inclosed field that the presumption would arise that it was a trespasser. On the contrary, the presumption would be the opposite. That is to say, the law presumes that plaintiff did not permit his cattle to

trespass upon the land of another, and that, being found in the field, it was there lawfully. The presumption of law is that every one acts rightfully and that plaintiff would not permit his calf to remain upon the premises of a stranger without his consent. McCallister v. Ross, 155 Mo. 87.

A statement like the one in question has been held sufficient. Fraysher v. Railroad, 66 Mo. App. 573.

After instructing the jury as to the law of the case, the court gave, without explaining in any way that it was to be the form of their verdict in the event it should find for the plaintiff, the following:

"We the jury find for plaintiff and assess his damages at the sum of — — — dollars.

— — —, Foreman."

Ordinarily, a form for a verdict given in this manner without explanation perhaps might be misleading and calculated to work prejudice to the other litigant. But it could do no harm here, as there was no conflicting evidence, and, under the instruction of the court, the verdict was bound to be for the plaintiff.

As the error worked no prejudice, under the statute we are compelled to disregard it.

Affirmed. All concur.