FARMER'S BANK OF ODESSA et al., Respondents, v. CHICAGO & ALTON RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 7, 1904.

1. **RAILROADS: Killing Cattle: Adjoining Proprietor's Fence.** The railroad fencing statute is to protect the adjoining proprietors and if such adjoining proprietor has sufficient fence, for the injury of animals of a stranger escaping over that fence and onto the railroad track, the railroad is not liable; but, if the adjoining proprietor permits his neighbor's cattle on his premises and they are injured by escaping onto the right-of-way through a defective fence, the company is liable.

2. ———: ———: ———: **Pleading: Petition.** And a petition by a stranger for injury to his cattle escaping through the company's defective fence should state that the adjoining proprietor did not have sufficient fence or that his cattle were on the proprietor's premises by the latter's permission.

3. ———: ———: ———: ———: ———: **Practice.** A petition failing to state that an adjoining proprietor had an insufficient fence or that his injured cattle were on the premises of such proprietor by the latter's permission, is held not wholly to fail to state a cause of action in the sense that it could not be taken advantage of by an objection to the introduction of the evidence.

4. ———: ———: ———: ———: **Presumption.** The presumption that an adjoining proprietor's fence was sufficient is no more binding on the court than the presumption that his neighbor's cattle were lawfully on his premises.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*Scarritt, Griffith & Jones* for appellant.

(1) It appears upon the face of plaintiffs' petition herein that Edward Butts was the proprietor of certain lands adjacent to defendant company's right-of-

way in Lafayette county, and that the said lands of Butts abutting said right-of-way are "enclosed fields." It is further alleged that plaintiffs' cattle in question escaped from plaintiffs' fields and passed through and across the said enclosed field of said Butts and thence onto the railroad through a gate in the latter's field. It is not alleged that the cattle lawfully passed through Butts' field, nor that the latter's field was not enclosed by a lawful fence. Without the allegation and proof of these things plaintiff made out no case. Geiser v. Railroad, 61 Mo. App. 463; Berry v. Railroad, 65 Mo. 172; Harrington v. Railroad, 71 Mo. 384; Ferris v. Railroad, 30 Mo. App. 122; Rinehart v. Railroad, 80 S. W. 910; Dean v. Railroad, 54 Mo. App. 649.

*Alexander Graves* for respondent.

(1) Appellant's position is untenable and the court below became satisfied that error was committed in sustaining the defendant's objection to the introduction of any evidence whereby plaintiffs were driven to a nonsuit with leave, and, after being fully advised, sustained the motion to set aside the nonsuit, and its judgment ought to be affirmed. Goldsmith v. Candy Co., 85 Mo. App. 600; Haseltine v. Smith, 154 Mo. 413; State v. Edmondson, 71 Mo. App. 177; Eads v. Gaines, 58 Mo. App. 587.

ELLISON, J.—Plaintiff Smith was the owner of certain cattle upon which plaintiff bank held a chattel mortgage. The petition alleges that the cattle were in the fields of one Butts, through or along whose lands the defendant's railway passed; that the gate in the fence along the right-of-way was left open by defendant and had been for a long time, so that the cattle passed from Butts' field onto the railroad track; that the greater number were killed while some were injured. Defendant filed an answer of general denial and, after

the trial had been entered upon it, objected to any evidence being received on the ground that the petition did not state a cause of action. The trial court sustained the objection, whereupon plaintiffs took a nonsuit with leave. The court afterwards sustained plaintiffs' motion to set aside the nonsuit, and from that order defendant has appealed.

The ground of the objection to the petition is based upon its failure to state facts which show a cause of action in plaintiffs. The law is that fences are required to be erected and gates maintained by railroad companies for the benefit of adjoining proprietors and that if the railroad company fails to erect a sufficient fence and the adjoining proprietor has a lawful fence around his field, and the animals of a stranger break over such lawful fence and thence on across the proprietor's field onto the railroad track and are injured, the company is not liable to such owner. Berry v. Railroad, 65 Mo. 172; Harrington v. Railroad, 71 Mo. 384; Rhinehart v. Railroad, 80 S. W. 910. But if such animals are in the fields of the adjoining proprietor by permission of such proprietor; or, if they get into his field by reason of its being unfenced, or defectively fenced, and stray thence onto the railroad track which is unfenced or defectively fenced, the company is liable to the owner. The objection to the petition is that it shows a person other than the adjoining proprietor to be the owner of the cattle and fails to state, either that the field was not fenced with a lawful fence, or that the cattle were in the field by permission of Butts, the proprietor thereof.

We think the petition should have contained some such averment and lacking that, it was demurrable. But defendant answered it and relied upon an objection to evidence. The courts of this State make unfavorable comment on such practice, though it is tolerated. Hazeltine v. Smith, 154 Mo. 413; Goldsmith v. Candy Co., 85 Mo. App. 600.

Yet it is said that every intendment should be allowed in favor of the petition. The petition in this case alleges that Butts' adjoining field was inclosed and defendant asks us to presume, or to assume, that Butts has done as the law requires and that his field was lawfully inclosed, *i. e.*, by a lawful fence, in which case the petition would show no cause of action. But if we are to indulge in such line of presumption in defendant's favor, ought we not, on the other hand, to presume that if the cattle were in Butts' inclosed field, they were not unlawfully there; that is, were there by Butts' permission to the plaintiffs. Seidel v. Railroad Company, 109 Mo. App. 160. If they were, defendant, as we have already stated, would be liable. We are therefore of the opinion that plaintiffs' petition did not wholly fail to state a cause of action in the sense that it could be taken advantage of in the manner above indicated and we therefore conclude, with the trial court, that the case should be reinstated.

The judgment will be affirmed. All concur.