WILLIAM WAGES, Respondent, v. QUINCY, OMAHA & KANSAS CITY RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, February 6, 1905.

1. RAILROADS: Killing Stock: Statement: Owner of Field: Justice's Courts. In the circuit court a petition for double damages for killing stock should properly state whether plaintiff was the owner of the field, or that the animals got into the field by reason of an unlawful fence or by permission of the owner, but such strictness is not required in justices' courts.

2. ————: ————: Form of Verdict. A form of verdict given the jury by the court and set out in the opinion is held not subject to the criticisms raised against it.

3. ————: ————: Verdict: Motion to Double. After the verdict is received it is sufficient that a motion to render judgment for double the amount may be made orally and need not be in writing.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler*, Judge.

AFFIRMED.

*J. G. Trimble* and *Wilson & Clapp* for appellant.

(1) Sec. 1105, R. S. 1899, is a penal statute, and every fact necessary to be proven on the trial to make out a case under the statute must be alleged. Manz v. Railroad, 87 Mo. 278. (2) Where the field is inclosed the statement must allege facts showing that the animal was lawfully in the inclosure. Ferris v. Railroad, 30 Mo. App. 122; Board v. Railroad, 36 Mo. App. 151; Harrington v. Railroad, 71 Mo. 384; Rinehart v. Railroad, 80 S. W. 910. (3) The law specifically states how fields shall be inclosed and what constitutes a lawful fence—and requires all fences to be so built. R. S. 1899, secs. 3294-5. (4) The presumption is, until the contrary appears, that the fences inclosing a field are lawful fences, as it is presumed that every one will do what the law requires him to do. McCallister v. Ross, 155 Mo. 87. (5) Plaintiff's second instruction is erroneous. The form of the verdict is wrong. (6) The court erred in doubling the verdict on the verbal motion of plaintiff. R. S. 1899, sec. 640.

*Wattenbarger & Bingham* for respondent.

(1) Plaintiff's statement alleged every fact that was necessary to entitle him to the evidence adduced. (2) It was sufficient to prove, as respondent did prove, that the cow was on the premises of plaintiff's father by and with his consent. Brown v. Railroad, 78 S. W. 273. (3) When double damages are allowed by the statute and the jury find single damages in terms, the court will direct judgment to be entered for the increased amount. 5 Am. and Eng. Ency. of Law (1 Ed.), 62e.

ELLISON, J.—The plaintiff brought his action before a justice of the peace to recover double damages resulting to him on account of defendant having run one of its engines against his cow, the animal having escaped onto the track by reason of a defective fence where the road ran through inclosed fields. The verdict was for plaintiff in the sum of $35, which, on plaintiff's motion, was doubled and judgment rendered for $70. It appears from the evidence that plaintiff, an unmarried man, was living with his father and that plaintiff's animal was running in his father's pasture by the latter's consent.

The defendant contends that the statement filed before the justice does not show that plaintiff was the owner of the field, or that his animal was lawfully running in said field, or facts from which it would appear that it was lawfully in the field. We do not think it necessary that such allegations should affirmatively appear in the statement. It is not so decided in the cases of Ferris v. Railroad, 30 Mo. App. 122, and Board v. Railroad, 36 Mo. App. 151, or the other cases cited by defendant. The syllabus in the Board case is somewhat misleading.

The statement in this case does not allege who was the owner of the field. It merely designates the land as "an adjoining field." In actions begun in the circuit court, it is the better pleading in cases where the plaintiff is not the owner of the adjoining field to allege, either that the animals got into such field by reason of the field not having a lawful fence, and thence strayed onto the track; or, that the animals were in the field by permission of the owner. [Farmers Bank v. Railroad, 109 Mo. App. 165, 83 S. W. Rep. 76.] But no case has held such to be necessary in an informal statement before a justice of the peace. A statement quite as informal as this was held at this term to be sufficient in an opinion by BROADDUS, P. J., in Seidel v. Railroad, 109 Mo. 160, 83 S. W. Rep. 77.

The defendant objected to an instruction as to the form of the verdict if the jury found for plaintiff, which read: "We the jury find for plaintiff in the sum of $———." Defendant contends that it should have read, "We the jury find for plaintiff *and assess his damages* at the sum of $———." It is suggested that under the form given by the court the jury were at liberty to find for plaintiff more than his damage. We think the objection not well taken.

It seems that after the verdict plaintiff orally moved that the judgment be rendered for double the amount thereof and that the judgment was so entered. It is objected that the motion should have been in writing. We think the objection not well taken.

There are some other suggestions which we do not think go to the substantial merits of the case. The judgment was manifestly for the right party (Brown v. Railroad, 78 S. W. Rep. 273) and is affirmed. All concur.