David E. FRISBEE and Lois I. Frisbee, Plaintiffs and Appellants,

v.

K & K CONSTRUCTION CO. (a Utah Corporation), Kenneth H. Anderson, an individual, and Keven Finnerty, Defendants and Respondents.

and

Kenneth H. ANDERSON, Third-Party Plaintiff and Respondent,

v.

FRISBEE ENTERPRISES, a Partnership, Contractors Realty and Development, Inc., a Utah Corporation, and Alton D. Frisbee, an individual, Third-Party Defendants and Appellant.

No. 18394.

Supreme Court of Utah.

Jan. 11, 1984.

---

Dwight L. King, Salt Lake City, for plaintiffs and appellants.

Bruce A. Embry, Salt Lake City, for defendants and respondents.

HALL, Chief Justice:

Plaintiffs David E. Frisbee and Lois I. Frisbee brought this action to foreclose two trust deeds executed by defendants K & K Construction Co., Kenneth H. Anderson and Keven Finnerty, alleging that defendants had defaulted on the agreed-upon payments.

Defendant Kenneth Anderson counterclaimed and, as a third-party plaintiff, filed a complaint against Alton D. Frisbee, Frisbee Enterprises and Contractors Realty & Development, Inc. (Contractors). Plaintiffs and third-party defendants appeal from a summary judgment entered against them on Anderson's counterclaim and third-party claim. We reverse.

On August 29, 1978, K & K Construction Co., Kenneth Anderson and Keven Finnerty purchased certain real property from plaintiffs, including lots 8 and 17 in the Tri City Park Subdivision, the subject of plaintiffs' foreclosure action. Defendants executed trust deeds and promissory notes in exchange for the deeds to the property. Plaintiffs brought this action, alleging that defendants had defaulted on their payments. Kenneth Anderson, respondent here, denied there was default and alleged that plaintiffs' interest in lots 8 and 17 had been released due to performance of an agreement, signed by Alton D. Frisbee, to hold harmless and indemnify Kenneth Anderson. Anderson counterclaimed for the value of a mobile phone, Husky credit card purchases, a semitractor and trailer and a dump truck, all of which he alleged were due and owing him from Contractors. Finally, Anderson, as third-party plaintiff, claimed that the third-party defendants should indemnify defendants for any judgment against them on behalf of plaintiffs and asked that title to lots 8 and 17 be quieted in defendants.

On December 14, 1981, defendants made a motion for summary judgment accompanied by an affidavit of Kenneth Anderson and a memorandum of points and authorities. Appellants failed to respond, and on January 18, 1982, the judge granted defendants' motion. The summary judgment was entered on February 11, 1982. It was only after entry of judgment that appellants responded to the motion for summary judgment in any way: appellants made a motion to amend the judgment, which motion the court denied. On appeal, appellants seek a reversal of the summary judgment and an opportunity to present their case at trial.

■ Rule 56(c) of the Utah Rules of Civil Procedure provides that summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[1] It should be granted only when it clearly appears that there is no reasonable probability that the party moved against could prevail.[2] As this Court explained the standard:

> Summary judgment is proper only if the pleadings, depositions, affidavits and admissions show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. If there is any doubt or uncertainty concerning questions of fact, the doubt should be resolved in favor of the opposing party. Thus, the court must evaluate all the evidence and all reasonable inferences fairly drawn from the evidence in a light most favorable to the party opposing summary judgment.[3]

(Citations omitted.)

In this case, the motion for summary judgment was supported by an affidavit of Kenneth Anderson setting forth a prima facie case for summary judgment. Appellants did not proffer affidavits in opposition to the motion.

■ We have said that an opponent of a motion for summary judgment must timely

---

**1.** *Bangerter v. Poulton,* Utah, 663 P.2d 100 (1983).

**2.** *Utah State Univ. v. Sutro & Co.,* Utah, 646 P.2d 715 (1982).

**3.** *Bowen v. Riverton City,* Utah, 656 P.2d 434, 436 (1982). *See also Lockhart Co. v. Equitable Realty Inc.,* Utah, 657 P.2d 1333 (1983).

file responsive affidavits raising factual issues or risk the trial court's conclusion that there are no factual issues.[4] However, it is not always *required* that the opposing party proffer affidavits in order to avoid judgment against him.[5] As this Court said in *Olwell v. Clark*:[6]

> Rule 56(e) states specifically that a response in opposition to a motion must be supported by affidavits or other documents *only* in order to demonstrate that there is a genuine issue of fact for trial. Where the party opposed to the motion submits no documents in opposition, the moving party may be granted summary judgment only "if appropriate," that is, if he is entitled to judgment as a matter of law.[7]

(Citation omitted.)

▆▆ Where the moving affidavit shows on its face that there is a material issue of fact, summary judgment may not be entered, even if responsive affidavits are not filed.[8] In this case, Anderson is not entitled to judgment as a matter of law. His affidavit and supporting documents presented conclusions with no supporting facts and show unresolved issues of fact.

The hold harmless and indemnity agreement alone constitutes a basis for the conclusion that summary judgment was inappropriate. The hold harmless agreement represents a dissolution of the relationship existing between Alton Frisbee and Kenneth Anderson, as evidenced by Contractors, a corporation formed by Kenneth Anderson, Alton Frisbee and Keven Finnerty. The typewritten agreement provides that Alton Frisbee will indemnify Anderson for any liabilities arising against Contractors. In exchange, in a handwritten addendum to the face of the agreement, Anderson agrees to sign over stock and all right, title and interest in Contractors. This handwritten addendum is signed by Kenneth Ander-

son. In a further handwritten addendum signed by no one, Alton Frisbee "agrees to assume existing loan on lot 18 TCP and cancel all debts owed on all lots in TCP by Ken Anderson."

▆▆ In his affidavit, which relies on the agreement for support, Anderson states that this clause means that he, Anderson, was to receive clear title to all lots in Tri City Park Subdivision that had not previously been sold, except lot 18, free and clear of any obligation to Frisbee Enterprises. Anderson's interpretation of the agreement points up the ambiguities apparent on the face of the agreement, clearly raising genuine material issues of fact. As we said in *Amjacs Interwest, Inc. v. Design Associates:*[9] "[A]mbiguity in a written instrument in and of itself may make summary judgment inappropriate."[10] We determine that to be the case here.

▆▆ Further, Anderson makes bare contentions and conclusions in his affidavit unsupported by any facts, such as that Alton Frisbee is the agent of Frisbee Investment Co. and can thus bind the company. Conclusions alone are not enough to support summary judgment. Anderson also claims that the investment company is the seller of the property in question in this case. As far as we can determine, Frisbee Investment Co., if it exists at all, is not a party to this suit. Further, the conclusion that Frisbee is its agent is just that—a conclusion supported by no facts. Bare contentions, unsupported by any facts, do not resolve genuine issues of fact crucial to resolution of the case. Alton Frisbee's alleged agency to act for his parents, Lois and David Frisbee, is a genuine issue of fact upon which much of the outcome of this case depends. His alleged agency for a company named as the seller of the property at suit, which company is not a party

---

**4.** Utah R.Civ.P. 56(e); *Franklin Financial v. New Empire Dev. Co.*, Utah, 659 P.2d 1040 (1983).

**5.** *Olwell v. Clark*, Utah, 658 P.2d 585 (1982).

**6.** *Id.*

**7.** *Id.* at 586.

**8.** *See Franklin, supra* n. 4.

**9.** Utah, 635 P.2d 53 (1981).

**10.** *Id.* at 55.

to the suit, raises genuine material questions. Therefore, summary judgment was not appropriate in this case.

The summary judgment is therefore reversed, and the case is remanded for trial.

STEWART, OAKS, HOWE and DURHAM, JJ., concur.