**James N. FOWLER and Sherril Fowler, Plaintiffs and Appellants,**

v.

**Terry R. SEITER, Defendant and Appellee.**

**No. 910698–CA.**

Court of Appeals of Utah.

Sept. 23, 1992.

---

John W. Lowe (argued), Salt Lake City, for plaintiffs and appellants.

Charles W. Hanna (argued), Smith & Hanna, P.C., Salt Lake City, for defendant and appellee.

Before Judges BILLINGS, ORME and RUSSON, JJ.

RUSSON, Judge:

James and Sherril Fowler appeal the district court's order denying their motion for treble damages pursuant to Utah Code Ann. § 78-36-10 (1992), which provides for the same in forcible entry and unlawful detainer cases. We reverse and remand.

## I. FACTS

On May 14, 1988, James and Sherril Fowler entered into an agreement with Terry R. Seiter, Donna S. Nakashima and Hede Shimoda, doing business as Neighborhood Mini Self Storage, for rental of a storage unit. Shortly thereafter, the Fowlers discovered that the lock to the storage unit had been broken and their property removed and disposed of.

On September 22, 1988, the Fowlers filed a complaint in the Third District Court against Seiter, Nakashima and Shimoda alleging negligence, breach of contract, breach of warranty and breach of fiduciary duty. The complaint was served upon each defendant along with a twenty-day summons. Defendants failed to answer the complaint, and defaults were entered against them, which defaults were later set aside due to excusable neglect on behalf of the defendants.

After the defaults had been set aside, but before the defendants answered the complaint, the Fowlers amended the complaint, adding additional causes of action, including a misrepresentation cause of ac-

tion, and an action in forcible entry under Utah Code Ann. § 78–36–1 (1992). Seiter answered the amended complaint, denying certain allegations, but admitting others, including the allegation that he and the other defendants broke the lock to the storage unit and removed or caused to be removed the Fowlers' property which was subsequently sold, destroyed or disposed of.[1]

At trial, Seiter moved to dismiss the breach of warranty, misrepresentation, breach of contract and negligence causes of action. The trial court granted Seiter's motion with respect to breach of warranty and misrepresentation, but denied his motion with respect to the breach of contract and negligence claims. The cause of action for forcible entry was not, at any time, the subject of a motion.

In addition to the admission in his answer that he and others broke the lock to the Fowlers' unit, removed the property therein, and caused the property to be sold or disposed of, Seiter admitted liability at trial. Since the record does not indicate to the contrary,[2] it must be assumed that his admission of liability went to all pending causes of action, including forcible entry, which, at all times, remained a cause of action to be tried.

 Due to Seiter's admission of liability, the matter was submitted to the jury solely on the question of damages. The jury returned a special verdict against Seiter in the amount of $7000. The Fowlers then moved for treble damages, pursuant to section 78–36–10 of the forcible entry and detainer statute. Seiter objected to the Fowlers' motion, claiming that failure to indorse the summons pursuant to Utah Code Ann. § 78–36–8 (1992) barred the award of treble damages.[3] The court denied the Fowlers' motion, ruling that their failure to obtain a written indorsement by the court upon the summons, stating the number of days within which Seiter had to

appear and defend the action, violated section 78–36–8 and barred the Fowlers' action under Utah's forcible entry and detainer statute and, therefore, any claim to treble damages. The Fowlers appeal that ruling.

## II. ANALYSIS

 The Fowlers raise one issue on appeal: whether the trial court erred in ruling that their failure to comply with the indorsement provision of section 78–36–8 barred their action under Utah's forcible entry and detainer statute and their claim to treble damages.

 Whether the trial court erred in denying the Fowlers' motion to treble damages pursuant to section 78–36–10 is a conclusion of law to which we apply a correction of error standard of review, with no particular deference accorded to the trial court's conclusion. *See Bailey v. Call,* 767 P.2d 138, 139 (Utah App.), *cert. denied,* 773 P.2d 45 (Utah 1989); *T.R.F. v. Felan,* 760 P.2d 906, 909 (Utah App.1988).

The Fowlers argue that their failure to obtain a court indorsement on the summons did not bar the action under the forcible entry statute since that requirement goes to sufficiency of process, a defense which must be raised by motion or in the answer to the complaint in accordance with Utah Rule of Civil Procedure 12(b) and (h). Rule 12(b) provides:

> Every defense, in law or fact, to claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) *insufficiency of process,* (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be

---

1. This appeal involves only Seiter.

2. We do not have the benefit of a transcript since such was not requested by either party.

3. We observe that this was the only ground asserted by Seiter in opposition to the Fowlers' motion. Thus, the general question of the applicability of the forcible entry statute to an uninhabited storage facility is not before us.

granted, (7) failure to join an indispensable party.

*Id.* (emphasis added). Rule 12(h) provides:

A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply[.]

Thus, the Fowlers argue that Seiter waived the insufficiency of process defense by failing to raise it until after return of the jury's verdict. They further contend that such requirement would serve no purpose in this particular case, since prior to being served with the amended complaint containing the forcible entry cause of action, Seiter was already before the court having been served with a summons on the first complaint, been defaulted, and been successful in having that default set aside. Seiter, on the other hand, asserts that failure to have the summons indorsed pursuant to section 78–36–8 can be raised at any time and does not constitute insufficiency of process. Thus, he argues that such failure is not a defense which must be raised by timely motion or answer under rule 12(h).

Section 78–36–8 of the forcible entry statute states, in relevant part:

The court shall indorse on the summons the number of days within which the defendant is required to appear and defend the [forcible entry] action, which shall not be less than three or more than 20 days from the date of service.

An objection to sufficiency of process under rule 12(b)(4) concerns the form of process. *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353, at 276 (2d ed. 1990). Technically, therefore, a 12(b)(4) defense involves a challenge to the content of the summons. *Id.* Because section 78–36–8

prescribes that the summons in a forcible entry cause of action contain an indorsement by the court, failure to comply with that requirement by necessity gives rise to an insufficiency of process defense.

The Utah Supreme Court has held that failure of a process server to indorse the date and time of service on the summons is "fatally defective *when the defendant appears timely* and specially to quash the service." *Dynapac, Inc. v. Innovations, Inc.,* 550 P.2d 191, 192 (Utah 1976) (footnote omitted) (emphasis added). Thus, when a defendant does not appear timely to quash service, the lack of such indorsement is not fatal. *See id.* at 192–93; *Thomas v. District Court,* 110 Utah 245, 171 P.2d 667, 671 (1946).

In the case at bar, while failure to obtain a court indorsement on the summons might have been fatal to the Fowlers' forcible entry claim had Seiter timely raised an insufficiency of process defense by motion or in his answer, he did not do so here. Instead, he answered the complaint, moved to dismiss several causes of action, and proceeded through a jury trial and verdict, raising the issue for the first time only after the jury returned its verdict.

Since Seiter did not timely raise, by motion or answer, an insufficiency of process defense citing the Fowlers' noncompliance with section 78–36–8, and since he answered the amended complaint without raising the said defense in accordance with rule 12(b), such defense was waived under rule 12(h). *See Snow v. Steele,* 121 Ariz. 82, 588 P.2d 824, 827 (1978); *French v. Gabriel,* 116 Wash.2d 584, 806 P.2d 1234, 1237 (1991).[4]

As for the Fowlers' request for treble damages, section 78–36–10(3) of the forcible entry and detainer statute states:

---

**4.** Seiter argues that treble damages are nevertheless precluded under *Pingree v. Continental Group of Utah, Inc.,* 558 P.2d 1317 (Utah 1976), and *Gerard v. Young,* 20 Utah 2d 30, 432 P.2d 343 (1967), which state that failure to comply with section 78–36–8 prevents an action in forcible entry and thus precludes an award of treble damages. *See Pingree,* 558 P.2d at 1322; *Gerard,* 432 P.2d at 348 (Ellett, J., concurring in

part). While the language in those cases indicates that compliance with section 78–36–8 is required for an action under the forcible entry and detainer statute, those cases do not address the narrow issue before this court; specifically, whether a party waives the defense of insufficiency of process by proceeding through trial and jury verdict before raising such defense. Thus, these cases are not controlling here.

The judgment shall be entered against the defendant for the rent, *for three times the amount of damages assessed under Subsections (2)(a) through (2)(c)*, and for reasonable attorney's fees, if they are provided for in the lease or agreement.

Utah Code Ann. § 78–36–10(3) (1992) (emphasis added).

■ The Utah Supreme Court has stated that the language in this section makes it "mandatory upon the court to render judgment for three times the amount of damages thus assessed [by the jury]." *Forrester v. Cook*, 77 Utah 137, 292 P. 206, 214 (1930) (citing *Eccles v. Union Pacific Coal Co.*, 15 Utah 14, 48 P. 148 (1897)). Accordingly, pursuant to section 78–36–10(3), the trial court was required to treble the jury's damages award.

## III. CONCLUSION

Seiter, by answering the Fowlers' amended complaint without raising the defense of insufficiency of process under Utah Code Ann. § 78–36–8 (1992) in accordance with rule 12(b), and by proceeding through trial and the jury's verdict before raising that defense, failed to timely raise the 12(b) defense and thus waived it under Utah Rule of Civil Procedure 12(h). Accordingly, the Fowlers were not barred from bringing this action under the forcible entry statute, and the court, following the jury's award of damages to the Fowlers, was required to treble the damages under Utah Code Ann. § 78–36–10 (1992). Therefore, we reverse the trial court's order denying the Fowlers' motion to treble damages and remand this case for determination of damages consistent with this opinion.

BILLINGS and ORME, JJ., concur.