2011 UT App 138

**Jessie Lee OSBURN, Petitioner and Appellant,**

v.

**Amy B. BOTT, Respondent and Appellee.**

**No. 20100313–CA.**

Court of Appeals of Utah.

May 5, 2011.

See also, 2011 WL 1679842.

———

Scott H. York, Salt Lake City, for Appellant.

Amy B. Bott, Provo, Appellee Pro Se.

Before Judges McHUGH, THORNE, and ROTH.

## MEMORANDUM DECISION

McHUGH, Associate Presiding Judge:

¶1 Jessie Lee Osburn (Girlfriend) appeals the trial court's sua sponte order striking an evidentiary hearing, vacating a temporary ex parte civil stalking injunction, and ordering a summary dismissal of Girlfriend's civil stalking injunction claim against Amy B. Bott (Wife). We reverse and remand.

¶2 Girlfriend filed a civil stalking injunction against Wife on February 2, 2010, alleging that Wife "constantly calls, texts, emails, and leaves voice mails threatening [Girlfriend]," that Wife "vandalized [Girlfriend's] car," and "tried to break into [Girlfriend's] residence." The petition was assigned to a district court judge (Trial Judge) who issued a temporary civil stalking injunction on February 9, 2010. The Trial Judge also scheduled an evidentiary hearing on the petition for March 9, 2010, the events of which are indicated in a minute entry and in Trial Judge's written order regarding Girlfriend's petition. The minute entry for the March 9 hearing provides,

> This matter comes before the court for a civil stalking injunction hearing. [Girlfriend's attorney] addresses the court. The court notes there is an active case . . . which has been assigned and addressed by [another district court judge (Second Judge) ]. . . . The court takes a short recess to confer with [Second Judge]. After conferring with [Second Judge] the court notes that these issues were addressed in the earlier case. The court strikes this hearing, voids the temporary ex parte stalking injunction, dismisses this case and orders the file closed.

¶3 In his written order issued that same day, Trial Judge indicated that the case before Second Judge involved a petition for a civil stalking injunction filed by Wife against Girlfriend.[1] Based upon his conversation with Second Judge about the proceedings on that petition, Trial Judge reasoned that it

was "obvious to . . . [the] court" that Girlfriend's petition "should have been a counter petition" in Wife's case, that "the incidents [Girlfriend] now claims constitute stalking were explored in that evidentiary hearing before [Second Judge]," that "[a]t the very least she could have and should have brought all such evidence before [Second Judge]," and that "[t]hese parties have already had their day in court." Trial Judge then noted that if he "were to conduct a hearing in this case, [he], potentially, could issue an incompatible ruling with that of [Second Judge]." Thus, Trial Judge cancelled the evidentiary hearing, vacated the ex parte temporary civil stalking injunction he had earlier issued on Girlfriend's behalf, and dismissed the petition.

¶4 Girlfriend appeals, arguing that Trial Judge's legal conclusions were erroneous, see Ellison v. Stam, 2006 UT App 150, ¶16, 136 P.3d 1242, and that his sua sponte decision to dismiss based on an ex parte, off-the-record discussion and without giving her an opportunity to respond violated her due process rights, see generally U.S. Const. amend. XIV; Utah Const. art. I, § 7 ("No person shall be deprived of life, liberty or property, without due process of law."); see also Utah Const. art. I, § 11 ("All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party."). "Constitutional issues, including questions regarding due process, are questions of law that we review for correctness." Chen v. Stewart, 2004 UT 82, ¶25, 100 P.3d 1177. Furthermore, "[d]ue process demands a new trial when the appearance of unfairness is so plain that we are left with the abiding impression that a reasonable person would find the hearing unfair." Sorge v. Office of Att'y Gen., 2006 UT App 2, ¶18, 128 P.3d 566 (internal quotation marks omitted).

---

1. Girlfriend also appealed the order issued by Second Judge, which we affirmed in a decision issued simultaneously with this decision. See Bott v. Osburn, 2011 UT App 139, 257 P.3d 1022.

¶5 Girlfriend argues that had she been given an opportunity to respond, she would have presented the transcript of the hearing before Second Judge where Wife's petition for a stalking injunction against Girlfriend was considered. According to Girlfriend, Second Judge allowed her to introduce some evidence of Wife's alleged course of conduct against Girlfriend during that hearing to provide context for his decision in that case. However, she asserts that Second Judge limited that proceeding to whether Wife had proved the elements necessary to entitle her to a civil stalking injunction against Girlfriend and expressly refused to address whether Wife was stalking Girlfriend, stating that the resolution of that issue was not before him.[2] Wife did not file an appellate brief in this matter.

¶6 Girlfriend challenges Trial Judge's order dismissing her petition. Our review of that challenge is complicated by the fact that the legal basis of the order is not readily apparent. The minute entry states that the "issues were addressed in the earlier case," and the written order states both that the claimed stalking incidents "were explored in [the] evidentiary hearing before [Second Judge]" and that Girlfriend's petition "should have been a counter petition" in Wife's case. Even assuming that the trial court relied on theories of compulsory counterclaim under rule 13 of the Utah Rules of Civil Procedure, issue preclusion, or claim preclusion, Girlfriend was still entitled to notice and an opportunity to respond to these arguments. Our review is further complicated by the fact that Trial Judge's decision appears to be based upon an off-the-record discussion with Second Judge.[3]

¶7 Irrespective of the legal theory that forms the basis of Trial Judge's order dismissing the action, Girlfriend was entitled to notice of that theory and an opportunity to respond. "Procedural due process requires, at a minimum, timely and adequate notice and an opportunity to be heard in a meaningful way." *McBride v. Utah State Bar*, 2010 UT 60, ¶16, 242 P.3d 769 (internal quotation marks omitted). Trial Judge's decision to cancel the hearing and dismiss the petition sua sponte on the date scheduled for the evidentiary hearing, without prior notice or a meaningful opportunity to respond, deprived Girlfriend of due process. "In our judicial system, except in extraordinary circumstances . . ., all parties are entitled to notice that a particular issue is being considered by a court and to an opportunity to present evidence and argument on that issue before decision." *Plumb v. State*, 809 P.2d 734, 743 (Utah 1990); *see also Rubins v. Plummer*, 813 P.2d 778, 778 (Colo.Ct.App.1990) ("Generally, a trial court may not dismiss an action when neither party has sought dismissal and there has been no notice or hearing on whether there exists a justifiable cause for dismissal."); *cf. Poulsen v. Frear*, 946 P.2d 738, 743 (Utah Ct.App.1997) (holding that before a trial court can impose sanctions sua sponte, the party must be afforded notice and an opportunity to be heard).

¶8 By striking the evidentiary hearing and summarily dismissing Girlfriend's petition without notice or an opportunity to respond, Trial Judge failed to provide Girlfriend with procedural due process. Because the "appearance of unfairness" here is plain, we reverse and remand for further proceedings consistent with this decision.

¶9 WE CONCUR: WILLIAM A. THORNE JR. and STEPHEN L. ROTH, Judges.

---

2. Girlfriend has included a transcript of the hearing before Second Judge as an addendum to her brief. While we acknowledge that it supports her argument that those proceedings were limited to claims that Girlfriend was stalking Wife, our review is limited to the record developed in the trial court. *See Gorostieta v. Parkinson*, 2000 UT 99, ¶16, 17 P.3d 1110. Without notice of the trial court's concerns and an opportunity to be heard, neither party was able to develop the record in this case concerning the justification for or error of Trial Judge's sua sponte decision to dismiss Girlfriend's petition based on proceedings in the separate case concerning Wife's petition.

3. A judge is permitted to consult with other judges, provided that he or she "makes reasonable efforts to avoid receiving factual information that is not part of the record and does not abrogate the responsibility to personally decide the matter." Utah Code Jud. Conduct 2.9(A)(3).