2015 UT App 237

# THE UTAH COURT OF APPEALS

CLAUD R. KOERBER AND JEWEL K. SKOUSEN,
Plaintiffs and Appellants,

*v.*

NANCY A. MISMASH,
Defendant and Appellee.

Amended Opinion[1]
No. 20130567-CA
Filed September 17, 2015

Third District Court, West Jordan Department
The Honorable Barry G. Lawrence[2]
The Honorable Andrew H. Stone
No. 110410430

J. Morgan Philpot, Attorney for Appellants

Sean N. Egan, Attorney for Appellee

JUDGE STEPHEN L. ROTH authored this Opinion, in which
JUDGES GREGORY K. ORME and KATE A. TOOMEY concurred.

ROTH, Judge:

¶1      Claud R. Koerber and Jewel K. Skousen (Tenants) appeal
from several orders and rulings of the district court related to

---

1. This Amended Opinion replaces the Opinion in Case No.
20130567-CA issued on June 18, 2015. In response to Appellants'
petition for rehearing, revisions were made to paragraph 34 and
footnote 5.

2. The Honorable Andrew H. Stone presided over the motion for
summary judgment. The Honorable Barry G. Lawrence presided
over the motion for reconsideration.

their dispute with Nancy A. Mismash (Landlord). We affirm in part, vacate in part, and remand the matter to the district court.

## BACKGROUND

¶2     Tenants and Landlord entered into a rental agreement for a house in August 2010. Tenants agreed to pay $2,000 per month in rent, pay for all of their utilities directly, and abide by certain conditions such as abstaining from making any repairs or alterations to the premises. Landlord agreed to replace the kitchen sink, repaint portions of the house, clean the carpets, and replace a countertop.

¶3     Within a year, conflicts arose between the parties. Tenants claimed that Landlord had maintained the utilities in her own name (requiring Tenants to pay Landlord rather than the utility companies directly), none of the promised maintenance and repairs had been completed, mold in their front living room had not been dealt with, window treatments and new door locks allegedly agreed to outside the terms of the written lease had not been provided, and Landlord had failed to provide reimbursement for a new water heater. Tenants sent Landlord a letter on July 9, 2011, detailing their complaints. It was accompanied by a "Notice of Recalculation." In their letter, Tenants told Landlord that once the utilities were properly transferred into Tenants' names, they would owe the utility companies substantial back payments and late fees because of Landlord's failure to pay the utilities on time. Accordingly, they explained that "the only just solution" was to have payments made above the rental amount credited toward future rent. By Tenants' calculations, based on this offset claim, they would not owe Landlord any additional rent money until September 2011. Tenants also stated that if Landlord failed to make the repairs within the specified time they would make the promised repairs themselves and deduct the cost from their future rent obligation.

¶4 Three days later, Landlord posted a notice entitled "Notice to Quit" on Tenants' front door. The notice to quit informed Tenants that rent and utility payments for that month, July, were overdue and that if they did not pay within three days eviction proceedings would "immediately be instituted." On July 18, Tenants filed a complaint against Landlord, claiming, among other things, violations of the Utah Fit Premises Act. They also obtained a temporary restraining order enjoining Landlord from attempting non-judicial eviction efforts. The next day, Landlord served Tenants with a summons in a separate unlawful detainer action she had just filed with the district court. The district court consolidated the two cases, designating Landlord's unlawful detainer complaint as a counterclaim. An immediate occupancy hearing was set for August 9 on the unlawful detainer claim.

¶5 In the meantime, Landlord served Tenants with another notice to quit on August 1 and filed an amended counterclaim on August 5. The amended counterclaim added a claim for breach of contract to her previous unlawful detainer claim. Landlord alleged that Tenants had breached the rental agreement by failing to notify Landlord of a new baby that was an occupant in the home; violating the rental agreement's pet policy; and making alterations to the home, such as installing pipes for salt water fish tanks, removing bedroom and closet doors without permission, removing a cabinet and countertop, and hanging flat screen televisions in excess of twenty pounds on the walls.

¶6 At the immediate occupancy hearing, the district court determined that Tenants could remain in possession of the home if they posted a $4,000 occupancy bond, deposited $2,000 with the court by the first of each month, and brought the utilities current. Tenants paid the bond and remained in the home for a short while.

¶7    Over the next several months, Koerber became ill, Tenants stopped paying the $2,000 deposit to the court and vacated the property, and the case stalled. In April 2012, the district court issued a notice of its intent to dismiss the case for failure to prosecute. In response, Landlord filed a motion for summary judgment on May 8, 2012. The next day, Tenants filed their own response to the district court's notice, asserting that they had not moved forward on the case because they believed the court had granted a previous extension of time "on all pending deadlines" in the case. Tenants therefore asserted that they were not required to take any action on their case until Landlord circulated an order from the immediate occupancy hearing, which they claimed Landlord had not yet done. Tenants argued, however, that Landlord's counterclaim should be dismissed because she had not been granted any kind of extension and yet had taken "no action from September 29, 2011 through May 8, 2012" on her counterclaim. Tenants also argued that Landlord's motion for summary judgment should be stricken because Landlord had not served the motion by email as the court had previously ordered the parties to do with all filings and because, in her motion for summary judgment, she had stated no "good cause" as to why her claim should not be dismissed pursuant to the district court's April notice.

¶8    About a month later, on June 6, Landlord filed a motion for entry of default judgment against Tenants on her unlawful detainer claim. She stated that her motion for summary judgment had been served by mail on May 8 and its accompanying memorandum by email that same day. Landlord stated that when the motion sent by mail had been returned to her as undeliverable on May 17, she mailed the motion again that same day to a different address and service had been completed. She contended that Tenants' response to her summary judgment motion was due no later than June 4 and that no such response had been filed. Accordingly, Landlord

asserted that "briefing on this matter is complete" and submitted her summary judgment motion for decision.

¶9    On June 18, Tenants filed a motion to strike Landlord's notice to submit and requested a hearing. Tenants argued that they had still not been properly served with Landlord's motion because it had not been sent by email, as the court had required the parties to do, and that they had not received the summary judgment documents Landlord purported to have sent by mail. The court declined to hear Tenants' motion to strike, and the summary judgment motion was subsequently set for hearing. Tenants never filed a written response to Landlord's motion for summary judgment. At the hearing on the summary judgment motion on July 16, the district court granted Landlord's motion for summary judgment, dismissing all of Tenants' claims and granting judgment on Landlord's counterclaim. The court articulated two bases for this decision in its written order: (1) Tenants were served with Landlord's summary judgment motion "but chose not to file an Opposition," and (2) Tenants' "evidentiary submissions at oral argument did not comply with [rule 7(c)(3)(A) of the Utah Rules of Civil Procedure] and did not raise a genuine issue of material fact sufficient to defeat summary judgment."

¶10    Before the final judgment was entered, Tenants filed a motion for relief under rule 54(b) of the Utah Rules of Civil Procedure, requesting that the district court reconsider its grant of summary judgment in Landlord's favor. In its order denying this motion, the district court first explained that Tenants' rule 54(b) motion for reconsideration was improper. Second, the court stated that, in any event, Tenants had been "treated fairly." The court explained that it had determined that Tenants' previous assertions that they had not been properly served with the motion for summary judgment were "belied by the record." The district court explained that, as a result, Tenants were

required to file a response and because they chose not to do so, a ruling in Landlord's favor "was not manifestly unjust."

¶11   The district court ultimately entered a judgment for $63,710.14 in favor of Landlord that included lost and trebled rent and late fees as well as attorney fees. Tenants appeal.

ISSUES AND STANDARDS OF REVIEW

¶12   Tenants contend that the court erred in granting summary judgment in favor of Landlord. "We review a district court's decision to grant summary judgment for correctness, granting no deference to the district court's conclusions, and we view the facts and all reasonable inferences in the light most favorable to the nonmoving party." *Bodell Constr. Co. v. Robbins*, 2009 UT 52, ¶ 16, 215 P.3d 933. As part of their claim, Tenants argue that the district court erred in finding that they were on notice regarding their opportunity to file a response to Landlord's motion for summary judgment. A district court's findings of fact are reviewed for clear error and we "revers[e] only where the finding is against the clear weight of the evidence, or if we otherwise reach a firm conviction that a mistake has been made." *ProMax Dev. Corp. v. Mattson*, 943 P.2d 247, 255 (Utah Ct. App. 1997).

¶13   Tenants also argue that the district court's authority to consider Landlord's unlawful detainer action was never invoked because the summons originally served on them was not properly endorsed in compliance with Utah Code section 78B-6-807. "[W]hether service of process was proper is a jurisdictional issue, . . . [and] the standard of review is a correction-of-error standard[.]" *Parkside Salt Lake Corp. v. Insure-Rite, Inc.*, 2001 UT App 347, ¶ 16, 37 P.3d 1202 (alterations and omission in original) (citation and internal quotation marks omitted).

¶14 Tenants next argue that their due process rights were violated at various points in the proceedings. "'Constitutional issues, including questions regarding due process, are questions of law that we review for correctness.'" *Osburn v. Bott*, 2011 UT App 138, ¶ 4, 257 P.3d 1028 (quoting *Chen v. Stewart*, 2004 UT 82, ¶ 25, 100 P.3d 1177).

¶15 Finally, Tenants contend that the district court abused its discretion in denying their motion for reconsideration brought under rule 54(b). We review a district court's decision to deny a motion to reconsider a summary judgment decision for an abuse of discretion. *U.P.C., Inc. v. R.O.A. Gen., Inc.*, 1999 UT App 303, ¶ 57, 990 P.2d 945.

ANALYSIS

I. Summary Judgment

¶16 Tenants make two arguments related to the district court's grant of summary judgment. First, Tenants contend that the district court erred in granting summary judgment on the grounds that they did not file an opposition and because the evidence they presented did not comply with rule 7 of the Utah Rules of Civil Procedure. Second, Tenants contend that the jurisdiction of the district court over the unlawful detainer claim—one of the claims disposed of in the motion for summary judgment—was never properly invoked due to defective service of the summons. We affirm the district court's decision to grant summary judgment in all respects except as to the unlawful detainer claim. We vacate the judgment as it relates to the unlawful detainer claim.

A.     Grant of Summary Judgment in Favor of Landlord

¶17 Tenants argue that the district court erred in granting summary judgment in favor of Landlord. The district court articulated two bases for its grant of summary judgment:

(1) Tenants "chose not to file an Opposition" to Landlord's motion for summary judgment, and (2) Tenants' "evidentiary submissions at oral argument did not comply with [rule 7(c)(3)(A) of the Utah Rules of Civil Procedure] and did not raise a genuine issue of material fact sufficient to defeat summary judgment." Tenants argue the district court erred on both grounds. We disagree.

¶18    First, Tenants argue they were never properly served with Landlord's motion for summary judgment and, therefore, "judgment on [the] motion [was] premature and procedurally improper." Tenants contend that the district court had previously ordered both parties to serve any future filings both by mail and email. In their motion to strike Landlord's notice to submit, Tenants stated they had not received service of the motion for summary judgment by email and the mailed version was addressed to them in care of someone with whom they had no association. Tenants argue that even if they were properly served, they should have been given "reasonable indulgence" in their failure to file a response to Landlord's summary judgment motion because they were pro se litigants at that point in the proceedings. They contend that because of their pro se status, their motion to strike Landlord's notice to submit should have been deemed responsive. And even if not responsive, the district court should not have granted summary judgment as it did, because they "sincerely believed they had not been served properly, filed a motion [to strike] to make that argument, and expected, if they lost their motion, to be given time to file an opposition." We are not persuaded that the court erred in granting summary judgment in Landlord's favor on this basis.

¶19    The district court concluded that Tenants' claim that they had not been served was "belied by the record." The court noted that the motion for summary judgment had been mailed to the same address Tenants had used in a filing of their own around the same time. The court further determined that, contrary to

Tenants' prior assertions, Landlord had served the motion and memorandum by email and, while Landlord had apparently emailed the motion and supporting memorandum without the attached exhibits, those exhibits had been included in Landlord's mail service. In addition, the district court noted that Tenants acknowledged awareness of Landlord's summary judgment memorandum in a response they filed to the district court's notice of its intent to dismiss the proceedings as well as in their motion to strike. The court accordingly found "that by at least May 9, 2012, [Tenants] were well aware of the motion." The court concluded that "[u]nder these circumstances, [Tenants] plainly had notice of the motion for summary judgment, had the opportunity to respond to it, yet chose not to."

¶20　The district court's conclusion that Tenants were properly served and were on notice of Landlord's motion for summary judgment—and therefore their opportunity to file a written response—appears to be based on factual determinations that the court was in a position to make. We will not disturb a court's factual findings absent clear error, and, though there was conflicting evidence on the issue, the district court's ability to resolve the conflict as it did was within its discretion. *See ProMax Dev. Corp. v. Mattson*, 943 P.2d 247, 255 (Utah Ct. App. 1997). And because Tenants were aware of both the existence of the summary judgment motion and the action they were expected to take, we are not persuaded by Tenants' argument that they should have been granted an extension because of their status as pro se litigants. Accordingly, we find no error in the district court's findings related to Tenants' failure to file an opposition.

¶21　Next, Tenants argue that the district court erred in determining that they had failed to raise a genuine issue of material fact in response to the summary judgment motion. With no opposition filed by Tenants, the district court determined that "the facts stated in support of [Landlord's] motion were deemed admitted." The district court's determination was based on

rule 7 of the Utah Rules of Civil Procedure, which states that "[e]ach fact set forth in the moving party's memorandum is deemed admitted for the purpose of summary judgment unless controverted by the responding party." Utah R. Civ. P. 7(c)(3)(A). Having determined that Tenants had not responded to Landlord's motion for summary judgment, and with only the facts in Landlord's motion before it, the court concluded that Tenants had not "raise[d] a genuine issue of material fact sufficient to defeat summary judgment." *See id.* R. 56(c) (stating that summary judgment "shall be rendered if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law").

¶22 Tenants concede that "in most cases," failure to file an opposition to a motion for summary judgment "would be fatal." However, they contend that "[f]ailure to file an opposing memorandum, by itself, is not a legally sufficient basis upon which a district court may grant summary judgment"; rather, a district court is required to look beyond the admissions and denials of the parties and "take an affirmative role in considering the entire record." Tenants point to rule 56 of the Utah Rules of Civil Procedure, which states that summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id*. Tenants contend that had the district court reviewed the pleadings in their case, it would have identified numerous "factual controversies regarding each cause of action in Tenants' complaint."

¶23 Tenants are correct that a failure to file an opposition to a summary judgment motion is not enough on its own to support a grant of summary judgment. "Where the party opposed to the motion submits no documents in opposition, the moving party may be granted summary judgment only if appropriate, that is,

if he is entitled to judgment as a matter of law." *Frisbee v. K&K Constr. Co.*, 676 P.2d 387, 390 (Utah 1984) (citation and internal quotation marks omitted). Thus, "[w]here the moving affidavit shows on its face that there is a material issue of fact, summary judgment may not be entered, even if responsive affidavits are not filed." *Id.* In *Frisbee*, the Utah Supreme Court determined that the moving party's affidavit in support of summary judgment "presented conclusions with no supporting facts and show[ed] unresolved issues of fact." *Id.* Accordingly, the supreme court concluded that the district court erred in granting summary judgment as a matter of law. *Id.* at 390–91.

¶24    In this case, however, Tenants have failed to identify any instance "[w]here the [Landlord's] moving affidavit shows on its face that there is a material issue of fact" that would preclude summary judgment. *See id.* at 390. Tenants have only claimed generally that factual controversies existed but have not pointed us to any specific material fact question that was "unresolved" or any legal conclusion of the district court that was unaccompanied by supporting facts. *See id.* Thus, they have provided no basis for calling into question the district court's conclusion that Landlord was entitled to summary judgment "as a matter of law." *See* Utah R. Civ. P. 56(c); *see also State v. Robison*, 2006 UT 65, ¶ 21, 147 P.3d 448 ("An appellant must do the heavy lifting because the law otherwise presumes that all was well below."). Accordingly, Tenants have failed to meet their burden of demonstrating error in the district court's decision to grant summary judgment on this basis. *See Cross v. Olsen*, 2013 UT App 135, ¶ 19, 303 P.3d 1030 (explaining that the appellant had failed to meet the burden to show error in the district court's grant of summary judgment); *see also Polyglycoat Corp. v. Holcomb*, 591 P.2d 449, 450–51 (Utah 1979) ("On appeal, it is appellant's burden to convince [the appellate court] that the trial court exceeded its authority.").

¶25 Finally, Tenants contend that the district court erred in considering the facts set forth in Landlord's motion for summary judgment without also taking into account the allegedly contradictory facts that Tenants attempted to present orally at the summary judgment hearing. In its order, the district court refused to consider Tenants' proffered evidence because the evidence failed to comply with rule 7's requirement that such fact statements be submitted in a written memorandum. *See* Utah R. Civ. P. 7(c)(3)(A). To justify reversal of a summary judgment, a party must show that an alleged error is "substantial and prejudicial in the sense that there is a reasonable likelihood that in its absence there would have been a different result." *Scudder v. Kennecott Copper Corp.*, 886 P.2d 48, 50 (Utah 1994). Here, Tenants have failed to provide a transcript of the summary judgment hearing, leaving us with only their assertions of what they purport to have offered as evidence to the district court.[3] Thus, even if we disagreed with the district court's legal determination that only written factual submissions were acceptable under rule 7 (a question we need not decide given the posture of this case), we have no ability to review any of the evidence they contend the district court ought to have considered or to analyze how that evidence might have altered the district court's determination that Landlord was entitled to summary judgment.

---

3. Tenants have provided us with materials they claim are transcribed excerpts from the hearing. But these hand-selected and uncertified transcriptions are not part of the record, and we are not permitted to review them. *See State v. Pliego*, 1999 UT 8, ¶ 7, 974 P.2d 279 ("An appellate court's review is . . . limited to the evidence contained in the record on appeal." (omission in original) (citation and internal quotation marks omitted)).

¶26 In summary, we conclude that the district court did not err in determining that Tenants failed to respond to Landlord's motion for summary judgment and in declining to grant them an extension of time to file a written response. As a result, Tenants have failed to persuade us that the district court erred in accepting as undisputed the facts set forth in Landlord's motion for summary judgment. Further, Tenants have failed to demonstrate that those facts were insufficient to support the court's grant of summary judgment in Landlord's favor. Finally, in the absence of an official transcript of the summary judgment hearing, we are unable to consider Tenants' claim that the district court improperly rejected the evidence they orally proffered at the hearing on the motion for summary judgment. Accordingly, we affirm, except as we discuss in Part I.B., the district court's grant of summary judgment.

B. Authority of the District Court Related to the Unlawful Detainer Action

¶27 Tenants also argue that the summons originally served on them in connection with Landlord's unlawful detainer action did not strictly comply with the requirements of the unlawful detainer statute, because a critical portion of the summons was typed rather than handwritten. Accordingly, they argue the district court never obtained personal jurisdiction over Tenants with respect to Landlord's unlawful detainer claim and that any ruling related to Landlord's claim is therefore void. While we conclude that Tenants waived any argument related to general personal jurisdiction, we conclude that the summons was sufficiently defective to deprive the district court of the authority to grant relief on the unlawful detainer claim.

¶28 "A judge, court clerk, or plaintiff's counsel shall endorse on the summons the number of days within which the defendant is required to appear and defend the action . . . ." Utah Code Ann. § 78B-6-807(3) (LexisNexis 2012). In *Parkside Salt Lake Corp. v. Insure-Rite, Inc.*, 2001 UT App 347, 37 P.3d 1202, this court

determined that a valid endorsement requires that the number of days for response to the summons be handwritten and that a summons must strictly comply with this requirement. *Id.* ¶¶ 21–22. In that case, we were presented with a summons where "the time to answer was wholly type-written." *Id.* ¶ 23. Endorsement, we concluded, necessitated "a writing on the summons in the judge's own hand." *Id.* ¶ 22. We noted that while "[s]trict adherence to this requirement may seem somewhat silly, . . . [i]t is not the prerogative of courts . . . to ignore legislative mandates." *Id.* ¶ 22 n.6. Accordingly, we determined that because "'the number of days within which the defendant is required to appear and defend the action'" was not handwritten, the summons in that case was defective and should have been quashed. *Id.* ¶¶ 18, 23 (quoting Utah Code Ann. § 78-36-8 (Michie 1996)).

¶29 In this case, the summons suffered from a similar defect. It contained the following typed text: "You are hereby summoned and required to serve on [Landlord's] Attorney . . . an answer to the Complaint which is served upon you with this summons within three (3) days after service of this Summons . . . ." Because the number of days for Tenants' response to the unlawful detainer complaint was typed rather than handwritten, the summons failed to strictly comply with the endorsement requirement established by the Utah Legislature. *See* Utah Code Ann. § 78B-6-807(3) (LexisNexis 2012); *Parkside*, 2001 UT App 347, ¶¶ 21–22.[4] Accordingly, the

---

4. We recognize that the statute has been amended since our decision in *Parkside Salt Lake Corp. v. Insure-Rite, Inc.*, 2001 UT App 347, 37 P.3d 1202. The current version allows "[a] judge, court clerk, or plaintiff's counsel" to make the endorsement, *see* Utah Code Ann. § 78B-6-807(3) (LexisNexis 2012), where the prior version only permitted "[t]he court" to do so, *see*

(continued...)

unlawful detainer statute was not properly invoked and the district court did not have authority to consider the unlawful detainer claim.

¶30  Landlord argues that the defective summons should be overlooked and the court's ruling on the unlawful detainer action should stand because Tenants waived any jurisdictional defense by appearing and defending against the unlawful detainer claim. *See Parkside*, 2001 UT App 347, ¶ 25 n.7 ("[A] defendant may, by appearing and defending, waive a court's lack of personal jurisdiction over the defendant."). While we agree that by appearing and defending Tenants waived any claim related to the court's exercise of personal jurisdiction, their appearance did not waive the claim that the defective summons stripped the court of the authority to proceed under the unlawful detainer statute. As we noted in *Fowler v. Seiter*, 838 P.2d 675 (Utah Ct. App. 1992), "failure to comply with [the endorsement] requirement by necessity gives rise to an insufficiency of process defense." *Id.* at 678. And this defense can

---

(…continued)

*id.* § 78-36-8 (Michie 1996). The rest of the statutory language has remained consistent, however. The prior version required that "[t]he court shall indorse on the summons the number of days within which the defendant is required to appear and defend the action," *see id.*, and the current version requires that "[a] judge, court clerk, or plaintiff's counsel shall endorse on the summons the number of days within which the defendant is required to appear and defend the action," *see id.* § 78B-6-807(3) (LexisNexis2012). Thus, we conclude that the only change of substance was to expand the categories of persons authorized to make the endorsement, leaving the content requirement unmodified. Accordingly, *Parkside*'s holding is unaffected by the amendment.

be properly raised in a response "by motion or answer" to the original summons. *See id.* The sufficiency of process in serving a summons is so critical that a plaintiff's failure to strictly comply with a summons's endorsement requirements will render the summons "fatally defective" when the defendant "timely raise[s] an insufficiency of process defense by motion or in his answer." *Id.* (citation and internal quotation marks omitted). We conclude that Tenants timely raised an insufficiency of process defense when they asserted the defect in the summons in their oral argument at their first appearance in the district court and repeatedly attempted to raise the issue again in written motions as the proceedings unfolded. Accordingly, we conclude that the endorsement defect in the summons was "fatal" to its effectiveness. *See id.* And because the summons was defective, the district court's authority under the unlawful detainer claim was never invoked. As a result, while Tenants' appearance gave the court general personal jurisdiction to grant relief against them for breach of contract, those aspects of the final judgment that implicate remedies available only under the unlawful detainer statute are of no effect. *See Parkside*, 2001 UT App 347, ¶ 25. We therefore vacate any aspects of the final judgment that depend on the unlawful detainer statute for their validity.[5] We remand to the district court to amend the judgment accordingly.[6]

---

5. The aspect of the judgment that appears to us most obviously tied to the unlawful detainer statute is the court's award of treble damages. However, the district court is in the best position to determine what, if any, of the other aspects of the judgment or the proceedings below were a result of Landlord's unlawful detainer action. And there may well be other issues that need to be resolved. For example, in their conclusion paragraph, Tenants request that the bonds they posted with the court be returned. It is unclear from the record before us what bonds, if any, are currently held by the trial court as a result of the unlawful

(continued...)

II. Due Process

¶31    Tenants contend that they were denied due process in several respects during the course of proceedings. Tenants argue that under the Utah Fit Premises Act and Utah law governing unlawful detainer claims, (1) their own motion to dismiss and challenges to the court's jurisdiction should have been heard much sooner than they were, and in any event, the court prematurely considered Landlord's unlawful detainer claim; (2) the immediate occupancy hearing was conducted in an improperly summary fashion and resulted in the erroneous imposition of a possession bond; and (3) the court's "mishandling" of their claims, all of which stemmed from the Utah Fit Premises Act, prevented them from ever being heard on their "fair housing claims." Tenants contend that these errors violated their right to due process and justify a reversal of the final judgment and a remand of the entire proceedings to the district court so that the claims Tenants brought under the Utah Fit Premises Act can be heard prior to Landlord's unlawful detainer claims. In essence, they argue that they are entitled to restart the case from the beginning. We are not persuaded.[7]

---

(…continued)

detainer proceeding. Accordingly, on remand, the trial court should consider whether bonds are being held under the authority of the unlawful detainer action and return them to Tenants if appropriate.

6. Tenants also argue that the unlawful detainer action should be dismissed because of legal deficiencies in Landlord's August 1 notice to quit. Because we have resolved the unlawful detainer issue on other grounds, we need not reach that argument.

7. We have already concluded that the district court's consideration of the unlawful detainer action was improper and

(continued...)

¶32 Tenants argue that the district court erred in waiting more than two months to hear their motions to dismiss because they were entitled to have their claim "expedite[d]" under Utah Code section 78B-6-810. Tenants also contend that the district court conducted the immediate occupancy hearing on Landlord's unlawful detainer claim prematurely because they were not given the full amount of time permitted under section 78B-6-810 to respond. And Tenants argue that when the hearing occurred, the district court did not provide them a full evidentiary hearing as required by statute but instead conducted the occupancy hearing in a "summary fashion." Tenants argue that these errors deprived them of "legislatively created protections" and "alternative remedies" that would have allowed them to remain in the residence, and unfairly subjected them to eviction proceedings. Tenants also argue that both the possession bond and the order to bring the utilities current that resulted from the immediate occupancy hearing were violations of their right to due process.

¶33 While we are sympathetic to Tenants' concerns that the district court's failure to expedite consideration of their claims and imposition of a bond placed them under "pressure of forcible eviction," Tenants have failed to point us to any authority supporting their contention that such errors warrant vacating the remaining breach-of-contract aspects of the judgment or voiding all of the proceedings and requiring the district court to begin the entire process anew. Even if Tenants are correct that the district court committed error in waiting as

---

(…continued)
accordingly vacated the portion of the judgment against Tenants related to this claim. Thus, we review the instant claims only as they relate to the portion of the judgment stemming from Landlord's breach of contract claims.

long as it did to hear their motions to dismiss and their fit premises claims against Landlord, and even if this error amounted to a violation of due process, an issue we do not decide, Tenants have failed to provide any legal authority that supports their contention that vacating the entire judgment and winding the litigation clock back to the beginning is an appropriate (or even available) remedy. Tenants are no longer in the home, and they cannot reasonably be restored to the rental property. Tenants have therefore failed to show how the court's failure to expedite consideration of their claims or the court's imposition of a possession bond and its order that Tenants bring the utilities current warrants voiding the proceedings in this case and beginning again. As for the timing of the immediate occupancy hearing, that hearing was part of the unlawful detainer action. *See* Utah Code Ann. § 78B-6-810(2) (LexisNexis 2012). We have already vacated any portion of the judgment related to unlawful detainer and, as previously noted, we are not persuaded that the alleged error also warrants vacating the unrelated portions of the judgment linked to Landlord's breach of contract claim.

¶34    Tenants next argue that the "court's mishandling" of their claims under the Utah Fit Premises Act violated their rights to due process by "frustrat[ing]" the public policy interests of Utah law and by preventing Tenants from ever being heard on these claims.[8] We conclude, however, that Tenants were not denied the opportunity to be heard, because each of the claims in their complaint against Landlord was at issue in the motion for summary judgment. As we have already concluded above,

---

8. Tenants have not specifically identified on appeal the claims they are referring to beyond explaining that they raised seven claims in their complaint against Landlord, all stemming from the Utah Fit Premises Act.

Tenants had the opportunity to be heard on these claims, but by neglecting to file a response to Landlord's motion for summary judgment, they failed to take full advantage of it.

¶35 Accordingly, we decline Tenants' invitations to void the judgment and remand the proceedings for reconsideration by the district court.

### III. Rule 54(b) Motion

¶36 Tenants argue that the district court abused its discretion in denying their motion for reconsideration filed under rule 54(b) of the Utah Rules of Civil Procedure. Rule 54(b) provides that an "order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." A district court's choice to reconsider a prior summary judgment decision is entirely discretionary. *U.P.C., Inc. v. R.O.A. Gen., Inc.*, 1999 UT App 303, ¶ 57, 990 P.2d 945. Indeed, as the Utah Supreme Court stated in *McLaughlin v. Schenk*, 2013 UT 20, 299 P.3d 1139, a district court is only *required* to reassess a prior ruling "(1) when there has been an intervening change of authority; (2) when new evidence has become available; or (3) when the court is convinced that its prior decision was clearly erroneous and would work a manifest injustice." *Id.* ¶ 24 (citation and internal quotation marks omitted).

¶37 Following the court's entry of summary judgment in favor of Landlord, but prior to entry of the final judgment, Tenants filed a motion requesting that the district court reconsider several of its past orders and rulings. Tenants requested that the court revisit their arguments related to the defective summons and notices to quit stemming from Landlord's unlawful detainer action, "dismiss [Landlord's] counterclaim and vacate all its prior order[s] in this case because of the . . . due process violations suffered by [Tenants]," and grant them relief from the entry of summary judgment in favor

of Landlord. The district court denied the motion. The court stated that Tenants were not entitled to relief under rule 54(b) because the court's summary judgment order "resolved all claims of all parties." While it may be arguable that, contrary to the district court's impression, a rule 54(b) motion for reconsideration was still a possibility because a final written judgment had not yet been entered, *see* Utah R. Civ. P. 54(b) (stating that an "order or other form of decision is subject to revision at any time before the entry of judgment"), we do not further consider the district court's impression because the district court went on to address much of the substance of Tenants' motion: "[T]he Court takes this opportunity to review the procedure that was used in this case to ensure that [Tenants] were treated fairly." The district court then explained the reasons for its decision to grant summary judgment in favor of Landlord—the record supported a finding that Tenants had notice of Landlord's motion for summary judgment and had failed to respond. The court ultimately concluded that "it was not manifestly unjust" to grant summary judgment in favor of Landlord. The court then noted that Tenants' claims regarding due process were "arguments [that] could have and should have been raised by [Tenants] in opposition to [Landlord's] motion for summary judgment." The court determined that those claims could not properly be considered in a motion for reconsideration.

¶38 Further, to the extent the court did not address the merits of the issues raised in their request for reconsideration, we conclude that Tenants have failed to show that the district court was required to consider or reconsider their claims under any of the three circumstances set forth in *McLaughlin*. We have already decided that the district court did not err in granting Landlord's motion for summary judgment, so we affirm the court's conclusion on reconsideration that "it was not manifestly unjust" to have done so. *See McLaughlin*, 2013 UT 20, ¶ 24. In addition, Tenants offered no "new evidence" nor cited any "change of

authority" that would require the district court to reevaluate or assess any of the other claims Tenants raised in their motion. *See id.* (citation and internal quotation marks omitted). We therefore conclude that, while the district court had the discretion to hear their motion, the court acted within its discretion in denying Tenants' motion to reconsider.

CONCLUSION

¶39    We determine that Tenants have failed to meet their burden in showing that the district court erred in granting summary judgment in favor of Landlord, except as related to the unlawful detainer action. We conclude that Landlord's summons related to her unlawful detainer action was not properly endorsed and that the district court's authority under the unlawful detainer statute was never invoked. We therefore vacate any aspects of the final judgment that depend on the unlawful detainer statute for their validity, and we remand to the district court to amend the judgment accordingly. We further conclude that in regard to their claims of violations of due process, Tenants were not denied the opportunity to be heard because they failed to respond to Landlord's motion for summary judgment and have failed to identify on appeal any proper remedy for the errors they assert. Finally, we conclude that the district court did not abuse its discretion in denying Tenants' motion to reconsider. Accordingly, the district court's final judgment is affirmed in all respects except for those aspects of the final judgment that depend on the unlawful detainer statute for their validity.

_____