2018 UT App 72

# THE UTAH COURT OF APPEALS

BASIN AUTO PAINT SPECIALISTS INC.,
*Appellee,*

*v.*

ULTIMATE AUTOBODY AND ACCESSORIES LLC,
*Appellant.*

Per Curiam Opinion
No. 20170932-CA
Filed April 26, 2018

Eighth District Court, Roosevelt Department
The Honorable Samuel P. Chiara
No. 169000244

Daniel R. Sam and Daniel S. Sam, Attorneys for
Appellant

Keisuke Leonard Ushijima, Attorney for Appellee

Before JUDGES GREGORY K. ORME, KATE A. TOOMEY, and DIANA
HAGEN.

PER CURIAM:

¶1     Ultimate Autobody and Accessories LLC appeals the district court's order granting Basin Auto Paint Specialists, Inc.'s motion for summary judgment and the district court's denial of its post-judgment motion seeking relief from the judgment. This matter is before the court on Basin Auto's motion for summary affirmance and this court's sua sponte motion for summary reversal.

¶2     As an initial matter, the district court erred in granting Basin Auto's motion for summary judgment without first determining whether Basin Auto was entitled to judgment as a matter of law. This court has previously concluded that "failure to file an opposition to a summary judgment motion is not

enough on its own to support a grant of summary judgment." *Koerber v. Mismash*, 2015 UT App 237, ¶ 23, 359 P.3d 701. Even if no response to the motion is filed, "the moving party may be granted summary judgment only if appropriate, that is, if he is entitled to judgment as a matter of law." *Frisbee v. K & K Constr. Co.*, 676 P.2d 387, 390 (Utah 1984) (quotation simplified). Here, the district court's order granting the summary judgment motion stated: "No opposition to the Motion has been filed and the time to do so has now passed. Plaintiff has submitted the Motion for decision and no hearing has been requested. Wherefore, Plaintiff's Motion is Granted and Judgment shall enter for the Plaintiff." The order made no reference to whether Basin Auto had actually met its burden of demonstrating that it was entitled to judgment as a matter of law. Instead, the order indicates that it was granted merely because Ultimate Autobody had failed to timely respond. Accordingly, the district court erred in granting summary judgment without first determining whether summary judgment was appropriate.

¶3     There is, however, a more fundamental problem with the district court's decision. Specifically, there existed procedural irregularities in the response to Ultimate Autobody's attorney's notice of withdrawal of counsel that resulted in a denial of fundamental fairness. *See* Utah R. Civ. P. 59(a)(1) (stating that an irregularity in a proceeding is grounds for granting a motion under the rule); *see also Jones v. Layton/Okland*, 2009 UT 39, ¶ 17, 214 P.3d 859 ("Equitable inquiries defy distillation into any formal legal test; instead, the question is always whether the particular relief sought is justified under principles of fundamental fairness in light of the particular facts."). It is undisputed that the notice to withdraw filed by Ultimate Autobody's attorney was improper because Basin Auto had filed a motion for summary judgment a few days before. *See* Utah R. Civ. P. 74(a) (stating that if a motion is pending, counsel must seek leave of the court to withdraw). However, the manner in which both Basin Auto and the district court responded to that

improper notice effectively deprived Ultimate Autobody of proper notice of the proceedings and an opportunity to respond to the motion for summary judgment.

¶4 Despite Basin Auto's current insistence that counsel's notice to withdraw was ineffective and of no legal effect, after it received the notice of withdrawal of counsel, it did not treat the notice as if it had no legal effect. Instead, Basin Auto removed the attorney from its certificate of service and served Ultimate Autobody directly with subsequent filings. If we were to accept as true Basin Auto's argument that the notice of withdrawal was ineffective, Basin Auto's subsequent service of its filings, including the notice to submit, directly to Ultimate Autobody instead of the attorney, was improper. *See id.* R. 5(b)(1) (stating that if a party is represented by counsel, papers must be served upon the attorney unless the court orders otherwise). Conversely, if Basin Auto believed that the notice of withdrawal was effective, as evidenced by its removal of counsel from its certificate of service, it should have filed a notice to appear or appoint, and no further proceedings should have taken place for at least twenty-one days. *See id.* R. 74(c). Accordingly, after the notice of withdrawal was filed one of two things should have happened—Basin Auto should have either continued to serve counsel or it should have filed a notice to appear or appoint. Neither of these things occurred.[1]

¶5 Unfortunately, Basin Auto's mistake was compounded by the removal of Ultimate Autobody and its counsel from the court's mailing list. If the notice to withdraw was ineffective due

---

1. This error was exacerbated by the fact that because Ultimate Autobody is a limited liability company, it had no right to appear pro se. It had to be represented by counsel. Accordingly, even if it wanted to file something in response to the notice to submit, it had no legal right to do so.

to a pending motion, the court should not have removed counsel from its service list. The confluence of these factors operated to deprive Ultimate Autobody of proper notice concerning both the status of its counsel's attempt to withdraw as well as the summary judgment proceedings.[2]

¶6    Based on the unusual facts of this case—the lack of appropriate notice coupled with the order granting summary judgment being based on the lack of a response from Ultimate Autobody—we conclude that the procedural irregularities in the case deprived Ultimate Autobody of fundamental fairness. Accordingly, we reverse the judgment of the district court and remand for consideration of Basin Auto's motion for summary judgment after Ultimate Autobody has had an opportunity to respond to the motion.

——————————

2. This entire situation could have been avoided if the district court had simply informed counsel that because there was a pending motion for summary judgment, his notice to withdraw was ineffective and he would either have to file a motion to withdraw or respond to the motion for summary judgment.